In the Matter of IRA FINK, Appellant, against JAMES E. FINEGAN et al., Constituting the Municipal Civil Service Commission of the City of New York, Respondents.

(Argued March 2, 1936; decided April 14, 1936.)

*Arthur G. Syran* for appellant. The Municipal Civil Service Commission failed to conduct a competitive examination and, therefore, violated section 6 of article 5 of the State Constitution. (*Barthelmess* v. *Cukor*, 231 N. Y. 435; *Barlow* v. *Berry*, 245 N. Y. 500; *Matter of Ottinger* v. *Civil Service Comm.*, 240 N. Y. 435; *People ex rel. Leary* v. *Knox*, 166 N. Y. 444; *People ex rel. Braisted* v. *McCooey*, 100 App. Div. 240.) An admittedly perfect oral examination was marked a failure unreasonably, arbitrarily and capriciously. (*Baird* v. *Supervisors*, 138 N. Y. 95; *People ex rel. Empire City Trotting Club* **v.**

*State Racing Comm.*, 190 N. Y. 31; *People ex rel. Hultman* v. *Gilchrist*, 114 Misc. Rep. 651; 196 App. Div. 964; 232 N. Y. 598; *Peck* v. *Belknap*, 130 N. Y. 394; *Matter of Potts* v. *Kaplan*, 264 N. Y. 110.) The Municipal Civil Service Commission violated the mandate of the Constitution because it failed to mark the oral examination on a competitive basis and in accordance with its true merit. (*Barthelmess* v. *Cukor*, 231 N. Y. 435; *Matter of Ottinger* v. *Civil Service Commission*, 240 N. Y. 435; *Barlow* v. *Berry*, 245 N. Y. 500; *Potts* v. *Kaplan*, 264 N. Y. 110; *People ex rel. Leary* v. *Knox*, 166 N. Y. 444; *Matter of Picone* v. *City of New York*, 241 N. Y. 157; *People ex rel. Hultman* v. *Gilchrist*, 114 Misc. Rep. 651; 196 App. Div. 964; 232 N. Y. 598.)

*Paul Windels, Corporation Counsel* (*Edmund L. Palmieri* and *Paxton Blair* of counsel), for respondents. The petitioner cannot properly avail himself of a mandamus proceeding as a means of reviewing the action of a civil service commission in the conduct of an examination, when there are no charges of fraud or bad faith. (*Matter of Simons* v. *McGuire*, 204 N. Y. 253; *Matter of Allaire* v. *Knox*, 62 App. Div. 29; 168 N. Y. 642; *People ex rel. Braisted* v. *McCooey*, 100 App. Div. 240; *People ex rel. Caridi* v. *Creelman*, 150 App. Div. 746; *People ex rel. Bartholomew* v. *Municipal Civil Service Comm.*, 171 App. Div. 916; *Matter of Campbell* v. *Moskowitz*, 171 App. Div. 911.) The petitioner cannot set up an exclusive standard for his own benefit in the rating of his oral examination. (*People ex rel. Leary* v. *Knox*, 166 N. Y. 444; *Hale* v. *Worstell*, 185 N. Y. 247; *Barlow* v. *Berry*, 245 N. Y. 500; *People ex rel. Sweet* v. *Lyman*, 157 N. Y. 368; *People ex rel. Moriarty* v. *Creelman*, 206 N. Y. 570.)

FINCH, J. This is an appeal to this court by leave of the Appellate Division, first department, from an order of that court unanimously affirming, without opinion, an order of the Supreme Court denying an application for an order of mandamus.

The petitioner sought to compel the Municipal Civil Service Commission of the City of New York to re-rate an oral test taken by him in an examination for medical examiner.

The petitioner, a physician, participated in an examination conducted by the Municipal Civil Service Commission for the purpose of preparing an eligible list for the three positions of police surgeon, medical officer in the fire department and medical examiner in the department of sanitation.

Subjects and weights upon which the examination was to be conducted are as follows: Experience, 3.70 per cent required; technical, 5.75 per cent required; oral, 2.70 per cent required, and 70 per cent general average required.

Petitioner passed the technical or written test and submitted thereafter to an oral examination consisting of technical questions of a medical nature, which concededly he answered correctly. He was thereafter notified that he had failed to pass the oral examination. The reasons given for his failure were that in the opinion of the examiners, although he was pleasant in manner and bearing and in comprehension fairly quick, he lacked force and executive ability and was altogether too mild. The examiners were unanimous in remarking, " We do not believe he would make an acceptable P. S. and M. O."

An affidavit by the president of the Municipal Civil Service Commission contends that the province of an oral examination is not to test the technical fitness of a candidate. That has already been done by the technical written examination. " An oral examination is a test only of personality. * * * or the very important element of ' personal equation ' which enters into the determination of the fitness of any candidate to fill high and responsible positions in the public service, such as the positions for which this examination was held." In making their determination as to the personality of the candidate the expert examiners were required by the Commission to observe and rate the candidate with

regard to the five following elements: 1. Manner and bearing. 2. Quickness of comprehension. 3. Force. 4. Executive ability, and 5. General fitness. It is uncontradicted that it was the unanimous determination of the examiners that the petitioner lacked the personality required of persons who could efficiently discharge the duties of the respective positions for which this examination was held and the Commission itself was powerless to overrule this determination. It is further alleged that all of these positions are of a high executive character. Police surgeons rank as inspectors; in the fire department the medical officer ranks as a battalion chief, and in the sanitation department the duties of a medical officer do not differ from those of a police surgeon in the police department and medical officer in the fire department. It is further alleged that the oral test as a necessary and required subject is not an innovation but has always been had " * * * for the reason that personality is a paramount and controlling factor and mere technical or professional knowledge, as tested in a written examination, does not suffice to determine the fitness of candidates."

The petitioner makes no claim of fraud or bad faith in the conduct of the examinations. He claims, however, that his oral examination should have been rated on the same basis as the technical examination; that is solely on a basis of the accuracy of the information given by him. It may be added that the oral test was conducted and rated by three eminent physicians and surgeons who were nominated for the position of expert medical examiner by the New York Academy of Medicine and each of whom rated the candidates independently of the other examiners. In this connection it may be noted that thirty per cent of the candidates failed; petitioner alone complains.

The State Constitution requires that appointments and promotions in the civil service " * * * shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations which, so far as practicable,

shall be competitive * * *." (N. Y. Const., art. V, § 6.) This mandate has been rendered effective by appropriate legislation.

The keynote of civil service is merit and fitness, comprising not only efficiency but character and loyalty to duty. This must be ascertained, as far as practicable, by examinations which, as far as practicable, shall be competitive.

The constitutional provision for civil service has not left the mandating to implication but expressly provides that " Laws shall be made to provide for the enforcement of this section." (Const. art. V, § 6.) In accordance therewith the Legislature has enacted the Civil Service Law (Cons. Laws, ch. 7) and the amendments thereto. The Civil Service Law divides the civil service into the classified and the unclassified service (§ 9) and subdivides the classified service into four divisions: the exempt class; the competitive class; the non-competitive class; and, in the cities, the labor class (§ 12). The positions of police surgeon, medical officer and medical examiner have been classified by the New York City Municipal Civil Service Commission as competitive. (Rules of Commission, rule X, part XII.)

No one questions that in all the tests given the petitioner, except perhaps the oral one, there was competition. Nor is the oral test questioned in so far as it tested technical ability. The examiners, however, in giving the oral test also attempted to test the personalities of the candidates. They have eliminated the petitioner on the ground that he is lacking in force and executive ability. The test or measure of executive ability nowhere appears. All that the record shows is the conclusion that the candidate lacks these qualities.

A test or examination, to be competitive, must employ an objective standard or measure. Where the standard or measure is wholly subjective to the examiners it differs in effect in no respect from an uncontrolled opinion of

the examiners and cannot be termed competitive. (Cf. *Matter of Barthelmess* v. *Cukor*, 231 N. Y. 435; *Barlow* v. *Berry*, 245 N. Y. 500.)

This does not mean that competitive examinations must be limited to tests of knowledge and physical ability. Objective tests have been devised and are being developed which measure many qualities and characteristics. For example, tests of intelligence such as the army Alpha test and the Binet-Simon tests have been generally accepted. Mental alertness tests and special ability and aptitude tests of many kinds are widely recognized.

The oral test serves its purpose in a competitive examination. Obviously it may be employed as a test of knowledge. In addition, it may be used to test other qualities. For example, in the selection of teachers it may be necessary to appraise their voices for carrying power, distinctness and absence of speech defects. Such tests are necessary, particularly where the pupils are young and prone to learn through imitation. A teacher who answers all the technical questions correctly may not be acceptable or may be given a lower rating because he stutters or has so feeble a voice as to preclude his being heard throughout a large classroom.

The above qualities may be tested objectively, albeit orally. A definite standard may be formulated. In the case at bar no standard appears. An examination cannot be classed as competitive unless it conforms to measures or standards which are sufficiently objective to be capable of being challenged and reviewed, when necessary, by other examiners of equal ability and experience.

Some positions in the civil service may require that the person who fills them have certain qualities which cannot be measured by existing objective tests. This fact should not make it necessary to place the position wholly in the non-competitive class. The Constitution requires that the examination be competitive as far as practicable.

Thus, for such positions, the examination should be competitive except for the testing of the qualities not measurable by objective tests. (Cf. *People ex rel. Sweet v. Lyman*, 157 N. Y. 368.) However, before a non-competitive test is made part of an examination for a competitive position it should be found that the quality to be tested is essential for the position and that no objective standard or measure is available. That industry examines for these qualities by non-competitive examination, relying upon the subjective reactions of the examiners, should not be conclusive. The employer in industry generally has a self-interest in the selection of capable and efficient employees which is not so strong in the case of civil service examiners. Non-competitive examinations may readily be manipulated by the unscrupulous with little likelihood of detection. Politics, passion and friendship may play their part. Even the most scrupulous examiner may be influenced in his determination by unconscious prejudice and bias. For these reasons, the non-competitive test should not be employed unless the need is imperative.

The determination of the necessity for such a test is a discretionary one to be made by the Municipal Civil Service Commission subject to review by the State Commission and, if the discretion is abused, by the courts. In the case at bar, however, there has been no finding that executive ability and force are qualities necessary for the position, nor did the announcement of the examination reveal that these qualities would be tested. There has been no finding that these qualities cannot be measured objectively. Upon the face of the record before us these examiners, without warning or notice, and without a finding by the Commission that the qualities of force and executive ability are necessary for the positions and cannot be measured objectively, have employed what amounts in effect to a non-competitive test of these qualities, and have eliminated the petitioner on the ground that he lacks these qualities. From all appear-

ances this is not an exercise of discretion in accordance with the Constitution and the Civil Service Law.

The Civil Service Law and rules would seem to require that the Commission prepare lists of preliminary requirements and subjects of examination and publish them with the notice of examination. (Civil Service Law, § 14; Rules of Municipal Civil Service Commission, rule V, § II [1], § IV [8-b].)

Unless the Commission can show that the test of force and executive ability was objective or that it properly exercised its discretion and determined that a noncompetitive test was necessary and gave notice thereof, the examination of the petitioner should be re-rated or the examination set aside and a new official list established.

The orders should be reversed and the motion for an alternative order of mandamus granted, with costs to abide the event.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH and LOUGHRAN, JJ., concur.

Ordered accordingly.