In the Matter of the Application of AARON STEGER, Petitioner, for Order against THE BOARD OF EXAMINERS OF THE BOARD OF EDUCATION OF THE CITY OF NEW YORK and HENRY LEVY and Others, as Members of Said Board of Examiners, Respondents.

Supreme Court, Special Term, New York County, May 22, 1939.

*Bernard A. Grossman* [*George F. Thompson* of counsel], for the petitioner.

*William C. Chanler, Corporation Counsel* [*Nicholas Bucci* of counsel], for the respondents.

PECORA, J. This application under article 78 of the Civil Practice Act is addressed to the board of examiners of the board of edu-

cation of the city of New York. Petitioner seeks twofold relief: *First*, to certify that he has passed the June, 1937, examination for laboratory assistant in physics and chemistry and to place his name on the eligible list; and *second*, to require the board of examiners to give him a supplemental teaching test in connection with the April, 1935, examination in that subject.

The second application will be considered first, because, on the face of it, it is clearly directed to the performance of what might be deemed a ministerial act. Petitioner passed the written examination in that subject. The requirements also provided for personal tests, including a practial test and the examination of records. The practical test was one of teaching ability as displayed in the giving of a lesson under the supervision of an assistant examiner. He was rated unsatisfactory in the teaching test conducted at Walton High School on March 11, 1936, and thereafter complained to the board of examiners about alleged prejudice of the assistant examiner assigned, and requested a supplementary teaching test. The right to such a test to check up possible error of one examiner is not absolute, although the wisdom thereof is suggested by the Court of Appeals in *Matter of Sloat* v. *Board of Examiners* (274 N. Y. 367, 372). There the court said: " It may well be true that, as suggested by the appellant, the examiners have erred in her case. There may be force, too, in the suggestion that possibility of error would be reduced if more than one examiner conducted such oral test and if the board of examiners defined, in advance, with greater exactness, the manner in which the examination should be conducted. and the manner in which the candidates should be marked and their fitness measured. These are matters which, under the Education Law, must be determined by the educational authorities of the State, and the Education Law provides for review of their determination by the Commissioner of Education (§ 890). Appeal may be addressed to the courts only where it is made to appear that examiners acted arbitrarily and without application of ' measures or standards which are sufficiently objective to be capable of being challenged and reviewed, when necessary, by other examiners of equal ability and experience.' (*Matter of Fink* v. *Finegan*, 270 N. Y. 356, at p. 362.) "

The examiners evidently followed the advice suggested by the court by giving the petitioner an opportunity to take a supplementary teaching test. They did this, not alone because of the question of possible error, but because the first examiner had been challenged for prejudice. They accordingly assigned him to a second teaching test in another school before another assistant examiner. Petitioner refused to take a second test, alleging preju-

dice of that examiner as well. Thereupon the board, after investigating the circumstances, refused to give him any further teaching test.

The situation for a peremptory order would have been complete, if the examiners had refused to give the applicant any teaching test, where other candidates who had passed the written examination had received such tests. A possible grievance which called for an alternative order might have been presented, if, on a showing of gross prejudice by the first examiner, the board of examiners had refused to give the applicant a second teaching test. Here, however, on what would seem a very inadequate charge of prejudice, a second opportunity for a supplementary teaching test was presented to him and he refused to take it. He has lost his right to demand, and must be deemed, in law, to have abandoned the examination.

This leads us to the other request for relief based upon the June, 1937, examination for laboratory assistant in physics and chemistry. There the applicant passed the written examination, the interview test and the performance test, but was rated unsatisfactory on the evaluation of record test. One of the criteria to be used in evaluating the record is the following: " (a) Moral character as indicated in the personal life of the applicant and his performance of the duties of a citizen and in the record of the applicant as a student or teacher or any other occupations, and in his record as a participant in the examination."

The unsatisfactory rating was based largely upon the fact that the petitioner in 1934 wrote a letter to the mayor, in which he made what the board of examiners considered intemperate, insulting and libelous statements about the members of that board. He also wrote another letter, while his application was still under consideration, dated April 12, 1937, in which he also made serious and unwarranted charges against the board of examiners. Notwithstanding the second letter, the board, nevertheless, by a divided vote, granted him a supplementary teaching test, of which, as has been observed, he declined to take advantage on account of alleged prejudice. On December 1, 1938, he received a hearing before the full board of examiners. He admitted at the hearing that his letters to the mayor had been ill advised, and showed a spirit of regret and contrition. He also admitted that he was no longer under the impression that he was being unjustly dealt with because in a fit of anger or in a mood of disappointment he wrote letters to the mayor. Under all the circumstances, and notwithstanding his repentant mood, it cannot be said that the action of the board of examiners in rating petitioner's record as unsatisfactory was capricious, arbitrary or unreasonable.

It does not appear to the court that it is the intention of the board of examiners to put the petitioner on a black list because of his ill advised and intemperate remarks. The record of the hearing of December 1, 1938, in which the petitioner faced the entire board in rather a creditable and able manner, is an element in his favor. Nevertheless, the board of examiners cannot be said to have been capricious or unreasonable in seemingly requiring a longer period of probation, in order to ascertain whether petitioner's change of attitude is permanent or only molded for the occasion. Thus far there has been no abuse of discretion on their part nor any disposition to disqualify him permanently. Petitioner has not shown himself entitled to be placed on the eligible list made up as a result of the examinations of 1935 or 1937, and his application for the relief demanded is denied.