In the Matter of THEODORE W. DE LUCA, Appellant, against JOHN A. GAFFNEY, as Superintendent of New York State Troopers, Division of State Police, Respondent.

Third Department, November 12, 1953.

*Morris G. Zirin* and *Eugene F. Bannigan* for appellant.

*Nathaniel L. Goldstein, Attorney-General* (*Herman N. Harcourt, Wendell P. Brown* and *J. Bruce MacDonald* of counsel), for respondent.

FOSTER, P. J.   Appeal from an order of the Supreme Court, Albany County Special Term, which denied petitioner's motion for an order pursuant to article 78 of the Civil Practice Act, to review an alleged determination by the respondent Superintendent of State Police concerning a service record rating assigned to petitioner by his troop commander in connection with a promotional examination.   The order appealed from dismissed the petition upon the merits.

Petitioner has been a member of the New York State Police since May 1, 1946.   On December 18, 1951, he was eligible to

take an examination for promotion to corporal. In the notice announcing the examination these subjects were listed:

" (a) A service record rating (to be submitted by the candidate's immediate troop commander in accordance with order dated May 11, 1938, ' Promotion examinations — Service record ratings ') including training, experience and general qualifications — relative weight — 6.

" (b) A written examination including the knowledge and skills involved in performing the duties of corporal, Division of State Police — relative weight — 4."

Two other categories were also listed but they are not involved in this proceeding.

Petitioner took the written examination and passed the same with a mark of 90.80%. On his service record rating he received a mark of 74%. Based on the percentages noted — 40% for the written examination and 60% for his service record — his final rating was 80.72, to which was added 2.50 for a veteran's preference, making his final mark 83.22. This placed him twenty-second on the list and apparently precluded any chance of promotion to the office of corporal.

Petitioner alleged that the service record rating ascribed to him was not only arbitrary, capricious and unreasonable but also constituted a violation of his legal rights and was contrary to fact. He also alleged that he sought to review the same by an appeal to the Superintendent of State Police and that such appeal was arbitrarily denied.

His petition does not clearly put in issue the method of obtaining service ratings under the regulations which govern promotions within the State police. His complaint is rather to the effect that his troop commander, who prepared his service rating, acted arbitrarily and unreasonably, and failed to give him the rating to which he was justly entitled. Because of this defect in his petition it is difficult for us to determine whether petitioner is entitled to any form of relief. The real issue, as we view it, is whether the system of rating employed, and not its specific application, was contrary to the constitutional mandate relating to civil service. Petitioner's complaint is directed to matters that are wholly subjective in nature, and if the system out of which those matters arose did not violate the State Constitution, or some statute, there is nothing for a court to review. Obviously no court can undertake to review a commanding officer's subjective estimates of a trooper's characteristics and abilities.

In the announcement of the examination by the Superintendent of State Police it was stated that service records of all eligible candidates must be filed by troop commanders with the superintendent not later than December 6, 1951, for the examination to be held on December 18th of the same year. It was also directed that such ratings be prepared on the form as directed in the order dated May 11, 1938, regulating the preparation and submission of such ratings. An examination of such order reveals that ten points were to be considered in scoring a candidate's service record rating, and these embraced appearance, intelligence and education, personality, initiative, loyalty, leadership, industry and endurance, adaptability, attention to duty and reactions in emergencies. The order also provided that each troop was to make its own rating, to be forwarded in duplicate under seal to the superintendent, and the ratings were not to be opened by him until the results of the written examination were known. There is nothing in the record to indicate how the service record ratings on the ten points mentioned were to be made up, except they were to be made by the troop commander of the trooper candidate. There is nothing to indicate that troopers were rated at regular intervals and that such ratings were scanned by the troop commander before he made the final rating which he forwarded to the superintendent. There is a letter in the record from petitioner's troop commander in which he mentions two instances of lax discipline, one based on hearsay of a very casual nature, but otherwise the letter indicates that the rating as made by the troop commander was entirely subjective.

The State Constitution provides that " Appointments and promotions in the civil service of the state and all of the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive " (art. V, § 6). It has been held that this section applies to appointments to and promotions within the State police (*Matter of Andresen* v. *Rice,* 277 N. Y. 271). That decision also held that the Superintendent of State Police was clothed with authority to conduct competitive examinations. Ordinarily an examination cannot be classed as competitive unless it conforms to standards which are sufficiently objective to be capable of review (*Matter of Fink* v. *Finegan,* 270 N. Y. 356, 362). This rule however must be qualified to some extent. It has been recognized that there may be exceptional cases

where fitness cannot be determined by an examination based upon objective standards alone. That is to say, in certain cases fitness may depend in part upon elusive personal qualities which can only be judged subjectively (*Matter of Meenagh* v. *Dewey,* 286 N. Y. 292, 305; *Matter of Ottinger* v. *Civil Service Comm.,* 240 N. Y. 435; *Barlow* v. *Berry,* 245 N. Y. 500).

On the record before us certainly the more heavily weighted part of the test did not conform to standards that are sufficiently objective to be capable of review. With his service record rating weighted at 60% petitioner's standing was largely dependent on the subjective view which his commanding officer took of him. Such a system, on the face of it at least, may be challenged on the ground that it was designed to circumvent the decision in the *Andresen* case (*supra*). Subjective ratings relating to school teachers and somewhat analogous were condemned in *Matter of Cohen* v. *Fields* (298 N. Y. 235).

We do not mean to say that service record ratings may not be used in determining the fitness of a State trooper for promotion, or as to what weight should be given them. Such propositions depend, we suppose, upon the rational and practical necessities of the service, and the manner in which ratings are determined. It may be possible that there is no practicable method of selecting candidates for promotion in the State police other than the system promulgated by the superintendent. There is no proof however of such a proposition in this record. In view of the *Andresen* case such a matter should not be adopted merely as a matter of theory but should have the support of a finding sustained by evidence. The *Andresen* case was decided upon the basis that the State police were in the same category as any other police force, so far as the record there showed. It did not forbid further inquiry in another case, and of course did not touch upon the issue of service record ratings or the manner in which they might be made. We think the importance of the issues involved require a trial upon proper pleadings.

A point is made by respondent that this proceeding is barred by the limitations contained in section 1286 of the Civil Practice Act. While we think the petition is defective in asserting the real issues it is not wholly so. There may be read into it a charge of continuing failure on the part of the respondent to obey a constitutional mandate and hence the limitations cited do not apply (*Matter of Cash* v. *Bates,* 301 N. Y. 258, 261).

The order should be modified by eliminating that part thereof which dismisses the petition on the merits and providing that

petitioner may amend the same, if he is so advised, within twenty days after the entry of an order herein, and as modified the order should be affirmed, without costs.

BERGAN, COON, HALPERN and IMRIE, JJ., concur.

Order modified on the law, by eliminating that part thereof which dismisses the petition on the merits and by providing that petitioner may amend his petition, if he is so advised, within twenty days after the entry of the order herein, and as modified the order is affirmed, without costs.