In the Matter of ELEANOR DOWLING, Respondent, against PAUL P. BRENNAN et al., Constituting the Municipal Civil Service Commission of the City of New York, Appellants.

First Department, June 21, 1954.

*Sidney P. Nadel* of counsel (*Seymour B. Quel* and *Victor J. Herwitz* with him on the brief; *Adrian P. Burke, Corporation Counsel*), for appellants.

*A. Mark Levien* for respondent.

Breitel, J. Petitioner is an unsuccessful applicant in a promotion examination given by the municipal civil service commission. She is employed as a stenographer in the Triborough Bridge and Tunnel Authority. The examination was for promotion to stenographer, grade 4. She objected to the manner in which the written examination had been rated. The written examination was assigned a weight of thirty and the balance of the weight was allocated for record and seniority and to await a performance test. The objections to the written examination were sustained at Special Term.

These objections are two in number. The first is that the candidate was required to pass Part I of the written examination, and unless this " hurdle " was overcome, Part II would not be rated. There was no advance announcement of this " hurdle " as part of the examination nor was it promulgated until after the examination was taken. The second objection is that the passing mark for Part I of the written examination was determined after the taking of the examination and before the identities of the candidates had been disclosed. This was done to permit making the passing mark one based upon a comparative percentile rather than an absolute percentage. The percentile in turn was concededly influenced by the availability of candidates and the needs of the service. This procedure with respect to the comparative passing mark, it is claimed, was also done without any announcement in advance of the taking of the examination.

The civil service commission appeals from the order of Special Term requiring the commission to rate Part II of petitioner's written examination and to pass her if she attains a 70% mark on both parts taken together. The alternative relief requested by the petition at Special Term to set aside the examination and require the giving of a new one was denied. However, no cross appeal has been taken by the petitioner.

It may be that the petitioner would be entitled to broader relief than she obtained at Special Term but in the absence of a cross appeal this court is limited to considering the relief granted at Special Term. Because of the procedure followed by the civil service commission the order should be affirmed.

The candidates for the examination had no advance notice that the passing of Part I of the written examination was prerequisite to having the balance of the written examination rated and considered in the aggregate mark. While as between Part I and Part II of the written examination a weight of twenty-five

was assigned to Part I and a weight of only five was assigned to Part II, this did not necessarily suggest that Part I was a compulsory " hurdle ". Nor were the instructions that were given with the examination suggesting that the bulk of the time should be devoted to Part I adequate to inform the candidates that Part I was a " hurdle ". The commission has offered no reason or explanation why advance notice was not given. There was no suggestion that it was not possible or that it was impracticable to do so. It is speculative whether a candidate would have acted differently if he or she had known that Part I was a " hurdle ". But in the absence of any reason why that information was not given in advance the candidate should be given the benefit of the doubt. Moreover, there is a sound public policy served in requiring the civil service commission to provide as much information in advance concerning the procedure affecting an examination as is consistent with sound and practical administration. This principle, without reference to this specific detail, is incorporated in the very rules of the commission (rule V, § IV, subd. 8, par [b]). In the past when the " hurdle " aspect of a civil service examination has been approved there was such advance notice (e.g., *Matter of Davier* v. *Reavy,* 179 Misc. 425). Accordingly, the failure to give advance notice in this instance was a material defect in procedure which, in the absence of any showing that it was not possible or that it was impracticable to give such advance notice, requires the relief granted at Special Term.

The second objection to the manner of determining the passing mark involves more serious considerations. In this instance there was notice, we hold, to the candidates. That notice was provided under the rules which state: " The required passing rating in any test, subject or part of an examination shall be fixed by the Director of Examination prior to the disclosure of the identities of the candidates therein." (Rule V, § V, subd. 4.) This suggested that the commission proposed to use some comparative method for determining the passing mark. In this instance the commission used a comparative percentile based on the distribution of absolute percentages attained by the candidates in the examination. There is no quarrel with the use of a comparative percentile passing mark. It is a modern and scientific way of determining a reasonable passing mark considering the variableness of examinations and the invariable distribution of achievement by individuals in sizable groups. It is but based upon the recurring probabilities in human experience and relates significantly to actual performance. Difficulty may arise where

the group examined is perhaps too small to provide a proper distribution for a curve based on probabilities. The difficulties may become greater where the percentile passing mark is influenced by what the commission stated were " the availability of candidates " and the " needs of the service ". By the application of these additional factors either of two improper results may conceivably be obtained. Either the field from which the appointing officer may select may be curtailed too greatly or, with small enough groups, discriminatory preference may be steered toward favored candidates. Thus it has been held that where the passing mark would be limited to the first 30 who took an examination in which 281 had participated that the restriction violated the basis for appointments under the merit system. (*Matter of Borodkin* v. *Kern*, 174 Misc. 339, affd. 260 App. Div. 914, affd. 285 N. Y. 732.) And a rating system which was obviously steered to accomplish discriminatory selection of a preferred individual was similarly struck down as illegal. (*Matter of Bridgman* v. *Kern*, 257 App. Div. 420, affd. 282 N. Y. 375.) On the other hand, it has been considered quite reasonable to limit the passing mark to the 3,600 who received the highest ratings on an examination taken by many thousands more. (*Matter of Thomas* v. *Kern*, 280 N. Y. 236.) In the *Thomas* case it is notable there was complete disclosure in advance of the examination as to just how the limited number who would be passed were to be ascertained.

In the instant case we have no information given to the candidates in advance of the examination, or, for that matter, given to the court in the present proceeding, as to how the number to receive a passing mark was influenced by " the availability of candidates " and the " needs of the service ". In this case 396 applicants took the examination. But these were not general competitive examinations. They were promotion examinations. Under the law promotions are limited to the department, office or bureau in which the vacancies arise. (Civil Service Law, § 16; *Matter of Cornehl* v. *Kern*, 260 App. Div. 35, affd. 285 N. Y. 777.) Thus, with respect to the petitioner Eleanor Dowling the end result was that only three candidates remained eligible for promotion to stenographer, grade 4, in the Triborough Bridge and Tunnel Authority.

In summary, there is no objection to a reasonable weighting of the comparative percentile passing mark by the availability of candidates and the needs of the service provided that the method used is shown not to be unduly restrictive of the field

from which the appointing power may select for appointment and does not operate with reference to so small a number as may make facile discrimination in favor of preferred individuals. While the commission's judgment and exercise of discretion in applying these factors will not be overturned by the courts unless it has been arbitrary, it is requisite that there be objective assurance that reason has been served in applying such additional factors. That assurance is best attained by disclosure of the factors to be applied and by disclosure of by what method and to what extent the designated factors are to be applied. Accordingly, wherever feasible and in the absence of a reason to the contrary, there should be advance disclosure to candidates of the method and the factors, not necessarily in detail but at least in general, to be used in determining a comparative percentile passing mark after the taking of the examination and before the identities of the candidates have been disclosed. This will insure confidence and will allay the dangers of improper manipulation.

Because, as indicated earlier, there has been no cross appeal by petitioner the extent of the relief to be granted is limited to that ordered at Special Term.

The order should be affirmed, with costs.

CALLAHAN, J. P., BASTOW, BOTEIN and BERGAN, JJ., concur.

Order unanimously affirmed, with $20 costs and disbursements to the respondent.