Harold A. Stevens, J.
This is an article 78 (Civ. Prac. Act) proceeding wherein petitioners seek an order directing the respondent to grant each petitioner a new interview test in an examination announced in May, 1954 for license as junior principal of an elementary school, such test to be conducted ‘ ‘ by duly qualified examiners including in each panel at least one member of the Board of Examiners” and the test to be recorded either electronically or stenographically.
Briefly, in 1954, respondent issued an announcement of an examination for license as junior principal in day elementary schools. The scope of the examination, as announced, included an interview test, and followed (1) a written test and (2) a supervision test. There were other tests or phases of the examination, eligibility for which depended upon passing the interview test.
The petitioners herein failed the interview and later the continued interview tests and now contend that such test should be invalidated and the relief sought granted because the interview test administered to them 1 ‘ was not conducted in as competitive a manner as practicable, and did not conform to measures or standards sufficiently objective to be capable of being challenged and reviewed by other examiners of ability and experience. ’ ’
Petitioners assert, in part, that the examiners for the interview test were not qualified, a member of the Board of Examiners *347 was not included on each examining committee, there was in effect a quota system for passing not more than one third of the candidates in the continued interview test, that no stenographic or electronic record was made of the interview test rendering it practically impossible to review the record by other qualified examiners. They charge also an illegal delegation of duty by the Board of Examiners to the assistant examiners conducting the interview test, and that the failure of the respondent board to make electronic or stenographic recordings illegally and unjustly deprived petitioners of their right of review of such interview tests. Petitioners argue that by reason of the foregoing section 6 of article V of the New York State Constitution is violated.
Section 6 of article V, so far as here pertinent, provides, “ Appointments and promotions in the civil service of the state and all of the civil divisions thereof, including cities and villages, shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive ”.
Respondent submitted the actual original interview records of some of the petitioners, together with copies of the examination, and some of its regulations and by-laws. Respondent asserts that its method of conducting interview tests as part of competitive examinations is - in accord with the constitutional mandate.
Section 6 of article V- does not require that all parts of a competitive examination be competitive in character. An interview test as part of a competitive examination has been held reasonably adapted to a determination of a candidate’s ability and fitness. So also it has been pointed out that the number of examiners conducting oral tests, the manner in which the tests are conducted, etc., are matters to be determined by the educational authorities. (Matter of Sloat v. Board of Examiners, 274 N. Y. 367.)
We cannot say on the papers and exhibits before us that the records compiled from the interview tests are so defective as to make it readily apparent that they are not sufficiently objective to be capable of being challenged and reviewed by other examiners of equal ability and experience. Nor can we find as a fact that the examiners were unfit.
It is not essential that the method of keeping the record be by common agreement the best of all methods, but only that it be practicable, reasonably adapted and suited for its purpose, and be sufficiently objective to be challenged as pointed out above. The fact that a subjective element may be involved in *348 the rating and even the eventual determination is not sufficient to invalidate the finding unless it destroys the requisite objectivity.
The claim of a quota or preconceived limit if established would of course be contrary to law. But the evidence sufficient to warrant action by the court on such ground must be clear and convincing, not speculative and conclusory.
The petitioners apparently did not deem the interview test as conducted illegal or arbitrary when they sought permission to take the continued interview test. A mere assertion that the petitioners’ right of appeal to the respondent’s appeals committee is illusory and worthless because there is no stenographic or mechanical record, or because there is a claimed defective record, in the absence of such an appeal or the attempt to appeal, is not persuasive.
Under section 2569 of the Education Law the Board of Examiners is authorized to employ temporary assistants, and since the final determination is made by the board, we do not find an unconstitutional or illegal delegation of power, authority or duty.
We have not dwelt upon respondent’s contention that the proceeding is barred by reason of section 1286 of the Civil Practice Act, because we do not rest our determination upon that ground. The petitioners’ application is denied and the petition dismissed. Settle order.