In the Matter of RICHARD HYMES et al., Appellants, against JOSEPH SCHECHTER et al., Constituting the Civil Service Commission for the City of New York, et al., Respondents.

First Department, February 24, 1959.

*Murray A. Gordon* of counsel (*Rogge, Zucker, Fabricant & Gordon,* attorneys), for appellants.

*John A. Murray* of counsel (*Seymour B. Quel* with him on the brief; *Charles H. Tenney, Corporation Counsel,* attorney), for respondents.

*Per Curiam.* This is an appeal from an order dismissing a petition in an article 78 proceeding. The petitioners seek to annul the determination of the Civil Service Commission in the grading of Part I of a written promotion examination for the position of assistant housing manager in the New York City Housing Authority, and to restrain any appointments from the eligible list promulgated therefrom.

After the examination was held, the commission concluded that it had been too difficult, and that so many candidates would be eliminated that the number remaining would be insufficient to meet the needs of the department. It thereupon decided to apply a comparative method for grading the papers by the use of a conversion formula, in accordance with the provisions of rule V (§ V, subd. 1), of its rules.

Heretofore, we held that the use of a conversion formula by the commission was appropriate (*Matter of Robbins* v. *Schechter,* 3 A D 2d 1010, affd. 4 N Y 2d 934; see *Matter of Dowling* v. *Brennan,* 284 App. Div. 563, 566, 567). It is urged, however, that the rule was not adopted until after the examination took place, whereas in *Robbins,* it had been promulgated before the examination was given. The chronology is as follows: The conversion rule was adopted by the commission on March 20, 1956; the examination was held on April 7, 1956; the rule was approved by the Mayor and the State Civil Service Commission on April 24, 1956; the list was promulgated on March 29, 1957, almost a year later. There is no question that the commission is authorized to amend its rules at any time upon approval of the Mayor and the State Civil Service Commission (Civil Service Law, § 11). The only issue is whether the approval by the Mayor and the State Civil Service Commission, after the examination was given, but before the eligible

list was promulgated, of the rule adopted by the Municipal Civil Service Commission before the examination was held is improper, illegal, and violative of the rights of the petitioners.

The rules of the Civil Service Commission (rule V, § V, subd. 4) provide that "The required passing rating in any test, subject or part of an examination shall be fixed by the Director of Examinations prior to the disclosure of the identities of the candidates therein."

The conversion formula was applied to the test in question under this rule. That it resulted in a greater number of applicants passing Part 1 of the examination than would have been the case, if another method of rating papers had been used, should not be deemed such an abuse of administrative discretion as to invalidate the list established therefrom.

In *Matter of Abramson* v. *Commissioner of Educ.* (1 A D 2d 366) where a 5% credit was granted to all candidates on a written test after it was taken, but before the candidates were identified, the court said (p. 374): "No constitutional principle was violated by the board in this case by its action in lowering the 'hurdle', after the written examination had been given, and in accordingly allowing candidates whom it believed to be fit and qualified, to go on to the other phases of the examination." We see no difference in principle between that case, where a larger number were made eligible in the first phase of an examination by a 5% credit, and this, where the same result was achieved by the adoption of a rule.

Since the commission determined, in good faith, that the examination was too difficult, we see no infringement of a constitutional or statutory right in the adoption of the conversion formula and its application to the entire class. Nor was its discretion exercised arbitrarily. (See *Matter of Abramson* v. *Commissioner of Educ.*, 1 A D 2d 366, 372, *supra*; *Matter of Brady* v. *Finegan*, 269 N. Y. 571.)

The order should be affirmed, without costs, on the law.

RABIN, J. (dissenting). As authority for the method of rating employed on this promotion examination for the position of assistant housing manager in the New York City Housing Authority, respondents rely initially on rule V (§ V, subd. 1) of the Rules of the Civil Service Commission of the City of New York. Subdivision 1 contains the so-called conversion formula which in certain specified instances allows the commission to employ "a mathematical formula of penalties for incorrect answers * * * in the rating of written tests". In other words the rule would permit the commission to change

the passing grade after the examination. However, petitioners contend, among other things, that inasmuch as the rule was not in effect at the time of the examination, it may not be applied in this case. In answer to that contention it is urged that the validity and applicability of subdivision 1 has been established by the recent decision in *Matter of Robbins* v. *Schechter* (3 A D 2d 1010, affd. 4 N Y 2d 934) and that consequently the Special Term was correct in dismissing the petition herein. In our opinion the *Robbins* decision is not applicable here for the reason that in that case the rule containing the conversion formula was in existence prior to the date on which the examination was held, whereas here the rule did not become effective until sometime after the examination had been taken. Thus, in the *Robbins* case, candidates at the time they took the examination knew or at least were chargeable with notice that a rule existed which would permit a change in the method of rating after the examination. That is not the case here. The examination was conducted on April 7, 1956 but rule V (§ V, subd. 1) did not become effective until April 24, 1956. It is clear therefore that applicants who took the examination on April 7 had no notice, either actual or constructive, that the passing grade which had originally been set by the commission might subsequently be changed.

Respondents also rely on rule V (§ V, subd. 4) of the rules which provides for the fixing of the passing rate "prior to the disclosure of the identities of the candidates therein." The commission interprets this subdivision as meaning that it may not only fix the rating but may thereafter, if it sees fit, change that rating. No support for such a construction can be found in the wording of subdivision 4. When the commission fixed the rating prior to the examination it complied with its obligation under subdivision 4. Therefore, unless the conversion formula be held applicable to this examination, there was no authority for the commission's change of the rating.

Since the rule containing the conversion formula did not become law until after the examination had taken place, it is our view that the commission exceeded its powers in applying the formula to this examination. Consequently, the petition should be sustained and the relief prayed for, granted.

BREITEL, J. P., M. M. FRANK and BERGAN, JJ., concur in *Per Curiam* opinion; RABIN, J., dissents in opinion in which McNALLY, J., concurs.

Order affirmed on the law, without costs.