Jacob Markowitz, J.
This is an application to direct respondent, pursuant to article 78 of the Civil Practice Act, to grant petitioner a passing rating in both the teaching and interview tests for license as chairman of the department of English in day high schools or to direct a new teaching test and a new interview test to be conducted by duly qualified examiners and such tests to be recorded either stenographically or electronically.
' It appears that petitioner was a candidate in an examination announced by respondent on October 10, 1955 for license for the above-mentioned position. She received a “ doubtful ” rating in the teaching test and a failing rating in the interview test part of the examination.
Petitioner claims that for many years respondent had a rule which provided that the candidates who pass all parts of the examination except either the interview test or the teaching-test would be granted a second or continued test in the part in which they failed. Petitioner maintains that on February 23, 1955, respondent, without notice properly given to petitioner, adopted a new resolution providing that no continued teaching or interview test would be given except to resolve a doubt. Petitioner asserts that this rule, adopted without notice to petitioner, deprived her of her rights without due process of law.
Petitioner also complains that the interview test as administered to petitioner was not conducted in as competitive a manner as practicable and did not conform to measures or standards sufficiently objective to be capable of being challenged or reviewed when necessary by other examiners of ability and experience or by a court and that the assistant examiners did not qualify for such assignment by any examination to ascertain their competency therein.
Petitioner further alleges that the examining panel for such interview test was not legally selected or qualified, that there was in effect a quota system for passing not more than a certain number of the candidates, and that no stenographic or electronic record was made of the interview test.
*350 The contentions of petitioner are wholly without merit. The method of conducting the interview was in accordance with the constitutional mandate (N. Y. Const., art. V, § 6; Matter of Sloat v. Board of Examiners, 274 N. Y. 367). An examination of the record of petitioner’s interview test discloses a reasonable basis for her failing rating. Apart from her personal disagreement with the examiners as to the quality of her performance in the interview test petitioner has failed to indicate wherein her failing mark was improper or unreasonable. The determination will not be disturbed unless there is a showing of malice, bad faith or gross error. Upon the record presented herein this has not been established.
The adoption of the new resolution did not -deprive petitioner of any right to which she was legally entitled. This new resolution was duly adopted, and recorded in the minutes of the meetings of the Board of Examiners and in its by-laws; and both its minutes and its by-laws are public records open to inspection by any interested person. Moreover, the recently decided case of Matter of Walker v. Board of Examiners (22 Misc 2d 345, affd. 7 A D 2d 968, motion for leave to appeal denied 6 N Y 2d 707) is dispositive of the instant proceeding. In that case the court rejected the identical contentions as those raised herein by the petitioner.
In fact, the instant motion was adjourned and the return deferred, on consent, pending the final determination of the Walker matter. The Appellate Division in affirming the decision and order of Mr. Justice Stevens has, in effect, determined that the contentions raised were tenuous and without merit.
A reading of the entire record satisfies the court that the respondent’s action was in good faith, in the sound and proper exercise of its power and discretion and was neither arbitrary nor capricious. The court under such circumstances will neither disturb the determination made nor substitute its judgment for that of respondent.
In view of the foregoing, it is unnecessary to pass on the other point raised by respondent, namely, that the proceeding is barred by section 1286 of the Civil Practice Act.
Accordingly, the application is denied and the petition is dismissed.