Isadore Bookstein, J.
Petitioner brings this proceeding for an order under article 78 of the Civil Practice Act to require the rerating of the oral portion of a promotion examination taken by him for the position of administrative services, grade 18. This promotion examination contains several options for candidates to choose among specialized administrative positions for which they desire to be examined.
After having been subjected to other portions of a rather lengthy and searching series of examinations, petitioner was given a “qualifying oral test” of approximately 30 minutes duration. He was not informed as to the scope of, factors to be tested by, or the passing requirements for such oral test in either the notice of the examination or at the time the oral test was *561 given to him. In this connection, it is noted that even though the oral test rating sheet annexed to respondents’ answer does specify the rating factors to be tested, it does not indicate what mark was required to be attained by candidates in order to pass or qualify, nor does respondents’ answer reveal this information.
Petitioner does not question the written portions of the examination, but challenges the oral test because the factors to be tested were not specified in the notice of examination or otherwise made known to him prior to his taking such test. He also questions the objectivity of the rating factors listed on the oral test rating sheet used by the examiners and raises questions as to whether the specified factors could be judged in a test lasting but 30 minutes (especially where candidates for different specialities were being tested through the same oral test), and also questions whether the gradings of the examiners are capable of review.
There is also the point heretofore noted that the rating sheet does not specify the required passing or qualifying grade. This matter appears to have been left to the subjective judgment of the examiners and respondents’ answer does not furnish the results actually reached by the examiners.
Finally, petitioner claims he is not guilty of laches because of the fact that he did not commence this proceeding until after he was notified that he had not passed the oral test.
Respondents defend by saying that candidates for these administrative positions should know what factors are tested in oral tests; that the rating sheet shows these factors and that the examination notice need not have specified such factors; that all candidates were tested and rated in accordance with the same qualities and standards and thus treated uniformly and fairly and that these qualities cannot be measured with complete objectivity; and finally that the petitioner is guilty of laches in not having brought this proceeding immediately after he took the oral test, instead of waiting until he was notified that he had not passed it.
In developing the law applicable to this proceeding it has been necessary not only to read and study court opinions but also to resort to records on appeal in order to ascertain and clarify the precise backgrounds against which such opinions were written.
The applicable leading case is Matter of Fink v. Finegan (270 N. Y. 356, 362-364 [1936]) where rerating of an oral test was ordered and the basic principle laid down that, in oral tests, objective standards must be established which are capable of review. (See, also, Matter of Andresen v. Rice, 277 N. Y. 271, 282 [1938].)
*562 The Fmk ease was followed by Matter of Sloat v. Board of Examiners (274 N. Y. 367 [1937]) where the oral portion of the examination was upheld because the examination announcement specified the factors to be tested in the oral portion and because the methods for grading* such portion were carefully standardized. (See Sloat record, pp. 10-11; 42-43.) Similar fact situations were present in Matter of Bridgman v. Kern (282 N. Y. 375 [1940]) and Matter of Walker v. Board of Examiners (22 Misc 2d 345 [1957], affd. 7 A D 2d 968, motion for leave to appeal denied, 6 N Y 2d 707). (See Bridgman record, pp. 45, 50, 151-158,160-166; Walker record, pp. 80-87, 89,100.) The results in the Bridgman and Walker cases were based on questions not pertinent here such as (1) directions to the examiners to fail a certain percentage of the candidates and to adjust their ratings after mutual consultation, (2) answers of candidates did not afford an adequate basis for grades and (3) attack on the qualification of the examiners.
It is assumed, because of the court opinion therein, that Matter of Lehrman v. Board of Examiners (22 Misc 2d 348 [1959]) must be classified on a fact background basis with Matter of Walker (supra).
Weinberg v. Fields (114 N. Y. S. 2d 238 [1952]) and Matter of Gollin v. Watson (200 Misc. 96 [1951]) involve unsuccessful attacks on oral tests, but the court opinions in such cases indicate that the factors to be tested and standards to be applied were established prior to the giving of the oral tests.
In the examination considered in Matter of Snyder v. Finegan (278 N. Y. 665 [1938]) the advertisement did not specify the factors to be tested in the oral portion of the examination (Snyder record, p. 56), but on the basis of searching* oral testimony the trial court determined that the rating sheets, listing the factors to be tested, had been carefully developed and that the ratings themselves were sufficiently objective to be reviewable. The appellate courts affirmed the trial court’s determination.
Coming then to significant court decisions which have upheld petitioner’s challenges of oral portions of examinations, we find that in Matter of Cohen v. Fields (298 N. Y. 235 [1948]) a by-law empowering examiners to give ‘ ‘ unsatisfactory ’ ’ ratings based on opinions as to the characters of candidates was nullified because it did not meet required standards of objectivity. The court frowned upon the opportunity for essential reliance on. subjective judgments.
To the same effect is Matter of De Luca v. Gaffney (282 App. Div. 607 [1953]) where the use of service ratings not based on *563 adequate and preannounced standards was rejected because of the same reliance on subjective judgments not based on pre-established factors and standards of judgment.
It is interesting to compare the arguments of respondents described in the Special Term opinion in the De Luca case (202 Misc. 975) with the arguments made in the instant proceeding by respondents and then to note the reversal of Special Term by the Appellate Division.
Finally, we come to the Matter of Dowling v. Brennan (284 App. Div. 563 [1954]) where principles there laid down (pp. 5-66-568) with respect to prior notice as to factors to be tested and methods of grading are strongly insisted upon by the court to assure fairness, insure confidence and guard against improper manipulation.
Based on the above review of court decisions relating to the field of law here involved, the conclusion is inescapable that the oral test portion of the instant examination did not meet the applicable requirements that candidates be given prior notice of the factors to be tested either by way of examination announcement or by other acceptable means. While the rating sheets specify the factors to be tested, the candidates were not informed of them prior to the test. Furthermore, the rating sheets do not indicate what grade is required to be attained in order for a candidate to pass or qualify. In addition, we do not have the examiners’ ratings and they, therefore, cannot be examined or subjected to review as they are required to be.
Respondents ’ argument that the oral test should be acceptable as not competitive, but merely qualifying, does not ring true, or meet the issue squarely. If a candidate can be passed or failed on the basis of such a test, then that test must be conducted in accordance with the judicially developed standards and requirements discussed above. Standards must exist for oral tests. Otherwise, an avenue will most certainly be developed whereby the competitive nature of civil service examinations will be seriously impaired and jeopardized through the use of oral tests depending essentially on subjective judgments of the examiners. With respect to this point, it would appear that respondents should be governed by the discussion in the court’s opinion in the Matter of Dowling referred to above.
As has been demonstrated in the examination considered in the Bloat case, for example, it is possible to provide for and conduct oral tests in compliance with the applicable requirements. A rereading of the portion of the Court of Appeals opinion (Matter of Sloat v. Board of Examiners, 274 N. Y. 367, 371-374) will assuredly eliminate any doubt on this score. *564 Admittedly, great care is necessary to assure fairness and required objectivity although some subjective elements must, of necessity, enter into the grading (cf. the discussion in Matter of De Luca, supra).
In my view, respondents’ defense of laches should be rejected on the basis of the ruling on a similar defense in Matter of De Luca (supra).
With respect to relief to which petitioner is entitled, the Court of Appeals in the Fink case ordered a rerating of the oral portion of the examination. Basically, petitioner here prays for similar relief in applying for a re-examination on the oral test This should be granted to him. However, the order should be so phrased as to assure that the principles applicable to oral tests discussed herein will be adhered to and respected. The order should also reflect the fact that petitioner brought his proceeding on his own behalf and on behalf of all others similarly situated. Submit order.