Joseph P. Molotaei, J.
This is an article 78 proceeding brought against the Chief of the Fire Department of the City of Ithaca and others for an order directing the payment to petitioner of a “ Longevity Merit Increase ” in wages provided under the compensation plan rules of the City of Ithaca. This plan was adopted by the Common Council and provided in part under paragraph 11 as follows:
“ An employee serving more than 10 years, 15 years or 20 years, is eligible for merit increases beyond the established maximum rates for his grade. Such merit increases are to be granted upon recommendation of the department head and approval of the Civil Service Commission and the Common Council. In any one fiscal year, no more than one such merit increase shall be granted, although the employee is eligible for further merit reviews by his department head each year that he is eligible for any such longevity increments due to length of service.
“In determining eligibility, the employees’ total uninterrupted service is the determining factor, not only his length of service at the present grade. In counting total years service, time away from the job does not accumulate in determining years of service. Involuntary time off, such as prolonged illness, military service, authorized leave of absence, temporary layoffs, do not constitute a break in service, although such time off does not accumulate in determining total years of City service; except in the case of Veterans, federal regulations applicable shall apply.”
Under this section the Common Council of the City of Ithaca for the year 1961 granted longevity merit increment to certain firemen recommended by the Fire Chief. These people were allegedly rated by the Chief on a form which he made up to contain such items as accuracy, thoroughness, neatness, conformity to instructions, speed of accomplishment, punctuality, attempts to do more than the minimum assignments, loyalty, positive attitude toward work, tact and courtesy, orderliness, appearance, physical fitness, etc. The Fire Chief used this guide or rating sheet in rating two other employees with over 20 years service, and purported to rate the petitioner (mentally) by same standards even though he was a disabled fireman and unable to perform any work.
The petitioner was disabled during the course of his employment, and is now receiving salary, medical expenses and hospital expenses under the provisions of section 207-a of the General Municipal Law.
*39 The present dispute concerns the question of whether under the law a municipal corporation can discriminate against a disabled fireman by granting merit increments, and further whether it has used such objective standards as would be in compliance with the intent and purpose of civil service.
A 1959 opinion of the Comptroller relating to municipal government (15 Op. St. Comp., 1959, p. 421) considered this question as to whether a disabled fireman was entitled to receive merit increments. After setting forth section 207-a of the General Municipal Law, the opinion states that the purpose of that section is to provide for the protection and benefit of a paid fire department member while he remains a member of the department. The opinion then cites Barber v. Lupton (282 App. Div. 1008, afi'd. 307 N. Y. 770) which held that disabled, firemen were entitled to increments, or increases accruing from the time of their disability. This holding was supported by another case entitled Birmingham v. Mirrington (284 App. Div. 721). The Comptroller then reached the conclusion that a disabled fireman, who was receiving his regular salary is entitled to increments given to those in the same grade. This would further seem to be buttressed by the fact that since petitioner is unable to do any work it would be unfair to contend that he had not done his job sufficiently to be entitled to a merit increase. It would appear to me that any other result would permit a city to so manipulate salaries through merit increases as to destroy the protection of section 207-a of the General Municipal Law for a disabled fireman.
Under civil service, tests used to rate persons for promotion must be objective. See De Luca v. Gaffney (282 App. Div. 607 [3rd Dept.]) in which the Appellate Division held that subjective rating methods were illegal for the simple reason that they cannot be reviewed by the court and that improper rating procedures are unconstitutional.
In Matter of Fink v. Finegan (270 N. Y. 356) the Court of Appeals held that a rating conclusion that a person was “ lacking in force and executive ability ” was subjective or “ mental ” and that objective standards of rating are required by law, and that subjective tests are unreasonable and illegal (cf. Matter of Weissbard v. Kaplan, 25 Misc 2d 560).
Thus the tests of accuracy, attempts to do more than the minimum assignment, positive attitude toward work, etc., which are of a subjective nature cannot be used to rate a man, particularly a disabled fireman on his qualification for a longevity merit increase.
An order may therefore be submitted granting petitioner’s requests contained in his prayer for relief.