Ellis J. Staley, Jr., J.
Petitioner "brings this proceeding for an order under article 78 of the Civil Practice Act restraining the Superintendent of State Police from approving, honoring or certifying any appointments made as a result of the competitive promotion examination conducted for the position of Sergeant of State Police on December 16, 1961 and directing the Superintendent of the Division of State Police to set aside said examination and to grant a re-examination.
Petitioner challenges the entire examination primarily on the ground that it was not competitive. He further asserts that the examination notice was defective and that the performance ratings were made upon separate standards.
The respondent has interposed an answer to the petition denying the material allegations of the petition and setting forth two separate and affirmative defenses; one to the effect that the examination announcement for the written examination was adequate, and the other to the effect that the supporting affidavit demonstrated that the examination met all the requirements of the Constitution. Respondent does not deny that the State Police are civil servants of the State; are in the classified service and that competitive examinations are required for the position of sergeant.
The Constitution of the State of New York commands that “ [appointments and promotions in the civil service of the state * * * shall be made according to merit and fitness to be ascertained, so far as practicable, by examination which, as far as practicable, shall be competitive”. (Art. V, § 6.) In this statement of policy and in the statutes enacted to make it effective, the emphasis is upon the element of competition. The competitive examinations, however, must be according to standards making the competition fair to all. (Matter of Andresen v. Rice, 277 N. Y. 271; Matter of Fink v. Finegan, 270 N. Y. 356; Matter of De Luca v. Gaffney, 282 App. Div. 607; Matter of Weissbard v. Kaplan, 25 Misc 2d 560; Executive Law, § 215, subd. 2.)
“ The test is not merely examination. The test is competitive examination.” (Matter of Barthelmess v. Cukor, 231 N. Y. 435, 445.) “ An examination is not competitive merely because it is so denominated. The substance, not merely the form, of a competitive examination is required.” (Matter of Sloat v. Board of Examiners, 274 N. Y. 367, 370.)
*541 The examination challenged by petitioner consisted of a performance rating submitted by the candidate’s immediate troop commander with a relative weight of 5; a written examination with a relative weight of 2 and an oral examination with a.relative weight of 3. The performance rating obviously consists of the subjective view which the rating officer took of the candidate and comprised 50% of the examination. The oral examination which comprised 30% of the examination was also largely, if not entirely, subjective. It consisted of the opinion reached by the examiners of the candidates after observing and talking to them during an interview concerning the personal appearances, conduct during interview, and general intelligence of the candidates. Further, the instructions for the oral examination stated: 1 ‘ The kinds of information sought include not only observable objective facts as to the candidate’s circumstances and achievements but also subjective facts such as opinions, comments and attitudes.”
The written examination comprised 20% of the examination. The questions selected are relevant to the duties of the position and the court cannot find that the selection of the questions was an abuse of discretion by the Superintendent. In view of the relevancy of the questions to the duties of the position, it cannot be said that the action of the Superintendent in this regard was subject to criticism. (Matter of Darling v. Maguire, 70 Misc. 597; Matter of Davier v. Reavy, 179 Misc. 425.)
For certification on an eligible list for promotion a candidate was required to obtain a composite average of at least 85 on the examination. This passing average was later reduced to 84.5. No minimum passing grade was established on any part of the examination. Thus, it was possible for. a candidate to merely write his name on the written portion of the examination, and still receive a passing grade on the entire examination. The rates given to the entire examination were 20% for the written portion, 30% for the oral portion and 50% for the performance rating. In addition, an adjustment of 4.559 was added to all scores. Thus, a candidate who received full credit on the performance rating and full credit on the oral portion would automatically receive a passing grade of 84,559.
In the Matter of Fink v. Finegan (270 N. Y. 356, 361-362, sufra) the court said': ‘1 A test or examination, to be competitive, must employ an objective standard or measure. Where the standard or measure is wholly subjective to the examiners it differs in effect in no respect from an uncontrolled opinion of the examiners and cannot be termed competitive. * * * An *542 examination cannot be classed as competitive unless it conforms to measures or standards which are sufficiently objective to be capable of being challenged and reviewed, when necessary, by other examiners of equal ability and experience.”
Applying the above-mentioned test to the facts in this case, it is my judgment that the action of the Superintendent which gave a relative weight of 50% to the performance ratings, a relative weight of 30% to the oral examination and ascribed 20% to the written examination takes the examination completely out of the competitive class. The mandate for competition under section 6 of article V of the Constitution of the State becomes futile when a candidate’s service record which is wholly subjective to the examiners and an oral examination which is largely subjective to the examiners are given a rating weight of 80%. (Matter of Cowen v. Reavy, 283 N. Y. 232; Matter of De Luca v. Gaffney, 282 App. Div. 607, supra.)
The petitioner further challenges the sufficiency of the examination announcements for the written and oral examinations on the ground that they failed to state the factors to be tested. Such examination announcements supplemented by later memoranda issued by the Superintendent gave ample notice to the candidates and did meet ‘ ‘ the applicable requirement that a candidate be given prior notice of the factors to be tested either by way of examination announcement or by other acceptable means.” (Matter of Dowling v. Brennan, 284 App. Div. 563; Matter of Weissbard v. Kaplan, 25 Misc 2d 560, supra.)
The quality of fairness was also lacking in this examination in the matter of the performance ratings. It appears that some ratings were the last ratings made prior to the examination notice and that others were revised to a date more closely coinciding with the date of the examination. Fairness would dictate that all performance ratings should be rated as of a certain date. This would ordinarily be the date of the last performance rating prior to the announcement of the examination. Thus, the possibility of favor is reduced to a minimum. ‘1 Competition is useless if favor may reverse the verdict.” (Matter of Barthelmess v. Cukor, 231 N. Y. 435, 445, supra.)
In addition the performance ratings were not kept secret and were changed without approval. The procedure followed on the instant examination eliminated the requirement that the performance record ratings should not be opened until the ratings of the written part of the examination were complete. The prior practice for similar examinations was to require the individual making the performance rating to transmit such rating under seal to the Superintendent not to be opened by him until after *543 the ratings of the written examination. The latter procedure appears to be preferable, thus eliminating any charge of favor to a particular candidate. (Matter of De Luca v. Gaffney, 202 Misc. 975.)
The petitioner’s complaint that no stenographic or electronic recordings of the oral examination was made should be rejected. Such recordings are not necessary. (Matter of Lehrman v. Board of Examiners, 22 Misc 2d 348; Matter of Walker v. Board of Examiners, 22 Misc 2d 345.)
It is the opinion of this court that the challenged examination was not conducted in accordance with the judicially developed tests and standards and the requirements of the Hew York State Constitution.
The promotion examination for the position of Sergeant of the State Police conducted December 16,1961 is hereby set aside and the application of the petitioner for a re-examination is granted. However, the order granting the relief to which petitioner is entitled should include provisions to assure that appropriate and suitable standards applicable to competitive examinations will be adhered to and respected.