Frank S. McCullough, J.
This is an article 78 proceeding brought by a lieutenant in the Police Department of the City of Yonkers whereby said petitioner seeks a correction of the ratings of his examination paper submitted in a competitive promotion examination for the position of captain.
The written examination attached herein consisted of several “ multiple choice ” questions. The petitioner was advised that he had failed to obtain the required minimum standing in the results of the examination.
This proceeding originally named the Civil Service Commission of the City of Yonkers as respondent. Subsequently the New York State Civil Service Commission moved to intervene and the court granted said motion.
The examination which the petitioner questions was furnished by the New York State Civil Service Department at the request of the Civil Service Commission of the City of Yonkers.
The petitioner contends that there were five questions on the examination as to which the respondent’s key answers were not the best answers and that if the petitioner’s answers for said questions were treated as the correct answers, then petitioner would receive a passing grade.
The court has examined the five questions noted by the petitioner and has carefully reviewed the arguments by the petitioner in favor of his answers as well as the contentions of the said Civil Service Department attempting to justify the so-called key answers.
*1082 The court, in all candor, must state that the complaints of the petitioner are not without merit. The distinctions drawn by the department in favoring their answers over those of the petitioner are, indeed, narrow, vague and not without ambiguity. Nevertheless, in view of the holdings of the courts on similar applications, this court considers itself constrained to dismiss the petition. In Matter of Gentile v. Niesley (19 A D 2d 723) the Appellate Division, Second Department reversed an order returning the matter to the Civil Service Commission for reconsideration'and regrading. The court stated: “ The record discloses an honest difference of opinion between him and the Civil Service Commission. When such a difference exists, the courts may not properly intrude and attempt to resolve the difference (see Matter of Connaughton v. Taylor, 285 App. Div. 1169, affd. 1 N Y 2d 864; Matter of Simone v. Conway, 284 App. Div. 95, affd. 308 N. Y. 692). We do not pass upon the question whether sufficiently objective grading procedures have been established (see Matter of Quinn v. Streeter, 175 Misc. 932; cf. Matter of Fink v. Finegan, 270 N. Y. 356; Matter of Weissbard v. Kaplan, 25 Misc 2d 560).”
As was stated in Matter of Meaney v. Kaplan (19 A D 2d 680): “It is clear, however, that a reviewing court may not disturb the wide discretion of the Civil Service Commission in preparing and grading examinations unless it is shown to have acted illegally, arbitrarily or in bad faith (e.g., Matter of Acosta v. Lang, 18 A D 2d 618).”
Finally in Matter of Acosta v. Lang (18 A D 2d 618) on a similar application the court stated: “ It is well settled that the Civil Service Commission has wide discretion in the matter of preparing and grading of civil service examinations, and that, in the absence of a showing of illegality, bad faith or arbitrary conduct, its decision will not be disturbed (Matter of Blumenthal v. Morton, 273 App. Div. 497, 499, affd. 298 N. Y. 563). Where, as here, a petition in an article 78 proceeding attacks the commission’s choice of the correct key answers to certain questions of multiple choice type on a promotional examination for a civil service position (here, the position of police sergeant), the petition must show that there is no reasonable basis for the answers selected by the commission as the correct answers. A showing that another answer to the particular question is better, or at least as good, as the key answer selected by the commission, is not sufficient. So long as there is a fair and reasonable basis for the commission’s action, the courts will not interfere even though in their judgment or in the judgment *1083 of experts another of the listed answers would have been equally or more acceptable as the proper answer to the question.”
It is apparent, therefore, that this court, under existing case law, lacks the power to grant the relief sought merely on the ground that in its judgment, there may exist an honest difference of opinion with respect to certain key answers.
This court is of the opinion, however, that a review of examination procedures by the State Civil Service Department, particularly with respect to police officers, would certainly be in order.
Legislative action may well be the necessary remedy in view of previous rulings by the appellate courts.
The purpose of civil service examinations should be to test the capabilities of the applicant and to secure qualified personnel. Common sense dictates that the written questions should be without ambiguity, applicable to the requirements of the position, and have a sound basis to test the ability of the applicant to perform the services required. Questions posed in the language “ which one would be least probable ” may provide an intellectual exercise for the examiner but in the opinion of the court represents an ineptness in the preparation of questions which should not be approved.
The petition is dismissed in view of previous holdings by the appellate courts.