In the Matter of IRVING GOLLIN, Petitioner, against JAMES S. WATSON et al., Constituting the Municipal Civil Service Commission of the City of New York, Respondents.

Supreme Court, Special Term, New York County, March 8, 1951.

*Leo Brown* for petitioner.

*John P. McGrath, Corporation Counsel* (*Joseph Kinsley* of counsel), for respondents.

HOFSTADTER, J. Petitioner seeks an order setting aside a failing grade given to him by the civil service commission upon the oral portion of the promotion examination for the position of housing manager in the New York City housing authority. Further petitioner asks the court to rerate petitioner's answers in that oral test and to give him a passing mark thereon or, in the alternative, to direct the giving of a new oral test.

In 1946, petitioner had been appointed an assistant housing manager in the New York City housing authority after having successfully passed a competitive promotion examination for that position. In November, 1946, he was appointed a provisional housing manager and has been acting as such ever since. In February, 1949, announcement was duly made of a promotion examination for the position of housing manager, which examination would be open to assistant housing managers. Petitioner was one of twenty persons who successfully passed the written promotion examination given in June, 1949. An oral test, which included the factors of speech, manner and judgment, was given to those twenty candidates on February 9 and 10, 1950, respectively. Petitioner was examined on February 9, 1950, by an examining board of three special examiners. The oral examination consisted of the propounding of four questions and the entire interview was recorded not only by stenotype but also by a recording machine. An over-all average of 70% was required as a passing mark, and a minimum mark of 60% was required as to each separate factor of speech, manner

and judgment. The examiners rated petitioner 70% in speech, 71.7% in manner and 58.3% in judgment. The result was that petitioner not only failed to receive a minimum of 60% in the factor of judgment, but in addition did not receive an over-all average of 70% on the three factors.

Petitioner contends here primarily that the answers he gave to the questions on the oral examination were factually correct and evidenced the exercise of sound judgment and that the ratings which he received on his answers were not the result of the application of an objective standard or measure. Certain legal principles define and limit the court's power to review the action of the commission in conducting competitive examinations. A court is not the agency to conduct, supervise or review civil service examinations. It may intervene only when the action of the civil service commission is arbitrary, capricious or unreasonable. (*Matter of Firshein* v. *Reavy*, 263 App. Div. 490, affd. 289 N. Y. 712.)

Recognizing the dangers that lurk in oral examinations, where the examiners may be influenced by purely subjective motives, our highest court has held that in competitive examinations there must be " standards which are sufficiently objective to be capable of being challenged and reviewed, when necessary, by other examiners of equal ability and experience." (*Matter of Fink* v. *Finegan*, 270 N. Y. 356, 362; *Matter of Sloat* v. *Board of Examiners*, 274 N. Y. 367; *Matter of Andresen* v. *Rice*, 277 N. Y. 271.)

The transcript of the oral examination here demonstrates that there was no arbitrary or unreasonable conduct upon the part of the examiners. The record indicates that on the question of judgment the candidate was marked on " The ability to solve correctly with ingenuity and directness problems arising in the performance of the duties of Housing Manager ". The rating sheets of the examiners show that in passing upon this factor in the oral examination the examiners applied objective standards " Capable of being challenged and reviewed " by others of equal ability and experience. It cannot be said by this court that there was absence of objective standards or that the examiners acted capriciously and arbitrarily. Discussion of the correctness of the factual content of petitioner's answers would be wholly immaterial since the examination did not test the correctness of the answers so much as the approach to the problems presented. Testing of a person's " judgment " is obviously not the same as examining

as to matters upon which there are correct or incorrect answers. There is an indefinable quality about " judgment " which must necessarily be judged upon matters of approach, directness of answers, relevancy of replies, practicality of the course of action suggested, etc. It is enough here to say that there were sufficient objective standards employed to meet the requirements of law regarding an adequate competitive examination.

Petitioner's contention in regard to a proper review upon his appeal to the civil service commission has no merit. The record belies that claim. It appears clearly that the committee on manifest errors did make a review of the entire record, and concurred in the result.

Nor do I find any just cause for complaint in the fact that the first question in the oral test was not rated on the factor of judgment. It was proper for the examiners to decide that they would first ask a purely informative question to place the candidate at ease before going to the other three questions which were designed to test his judgment. All candidates were treated alike in this respect. Such procedure is not only not subject to criticism, but is worthy of commendation because of its just and humane purpose.

Since petitioner has failed to establish any arbitrary, illegal or capricious action on the part of the commission, his application is denied and the petition is dismissed. Settle order.