Kenneth S. MacAffer, J.
The above-entitled proceedings are brought pursuant to article 78 of the Civil Practice Act. In each proceeding the petitioner seeks identical relief. The notices of motion in each case make application for an order ‘ restraining respondents from approving, honoring or certifying any eligible list for appointment made as a result of the promotion examination to Senior Attorney conducted on September 17, 1960, pending establishment of an official eligible list in accordance with the candidates’ respective percentile passing ratings on the written examination; vacating, annulling and setting aside the action of the Respondents in establishing an eligible list to the exclusion of petitioner and other similarly situated who passed the written examination or in certifying and/or appointing any candidates therefrom; and for a further order directing respondents to set aside the oral examination and the ratings thereof or re-rate the petitioner as qualified and establish an official eligible list of candidates for promotion to Senior Attorney and Senior Attorney (Group of Classes) in accordance with their respective percentile passing ratings on the written examination.”
The respondents have served an answer in each proceeding setting forth denials of certain allegations of the petitions, and admissions as to other allegations of the petitions, and praying that the petition therein be dismissed. Annexed to each answer are supporting affidavits and numerous exhibits. Additional affidavits have been served in the Fried proceeding. In that proceeding also a notice to admit pursuant to section 322 of the Civil Practice Act has been served by petitioner and a reply thereto has been served by the respondents.
The petitioner in both proceedings holds the position of Attorney in the Temporary State Housing Rent Commission. On or about July 11,1960 the Civil Service Department issued a written notice of a competitive promotion examination for the position of Senior Attorney and Senior Attorney (Group of Classes).
*896 This notice provided that the examination would include a written test and an oral qualifying test. The duties of the position for which the examination was held were described in the notice. The scope of the written examination setting forth seven detailed factors therein was also set forth therein.
The notice then provided as follows: ‘ ‘ Qualifying Oral Test: A qualifying oral test will be given to evaluate, against the general background of a Senior Attorney position, the factors of (1) good judgment; (2) clearness and quickness of comprehension; and (3) ability to organize and present ideas effectively. The qualifying oral test may be given only to those eligibles, otherwise qualified, who stand high enough on the resulting eligible list to be considered for appointment in the near future. Candidates must pass this test in order to be eligible for appointment.”
The notice further provided as follows: “ratings required: Tests are rated on a scale of 100 with the passing mark at 75. Unless the announcement states otherwise you must pass the written tests as a whole and the oral tests, if any. Test instructions may further divide the tests into parts and set minimum standards for each part. ’ ’
The notice to appear for the oral test stated in part: ‘ ‘ The oral test will evaluate you in the following factors as they apply against the general background of a Senior Attorney: (1) good judgment; (2) clearness and quickness of comprehension; (3) ability to organize and present ideas effectively.”
On September 17, 1960 the petitioners took the written part of this examination. Both petitioners were notified that they had passed this test with a percentile rating before adjustments as follows: Fried 85.5 and Blank 75.5. Both candidates thus passed the written test and qualified for the oral test. On March 28, 1961 each took the oral test. Both were later notified that they had failed the oral test. Fried received a grade of 59 and Blank a grade of 61.
There is no serious dispute as to the facts in either proceeding. Both involve the same principles of law. They therefore may be decided together.
The only difference in the facts between the two proceedings is that in the Fried proceeding the tape recording of the oral test of the petitioner was not available upon the appeal of the petitioner to the Civil Service Commission and is not now available. By reason of mechanical failure or human error the recording was unintelligible. The petitioner Fried contends that the absence of the tape recording deprives the court of adequate review of the grading of the oral test.
*897 Both of the petitioners contend that (a) the announcement of the oral examination did not definitively describe the matter upon which the examination was to be held; (b) the oral examination was not competitive; (c) such examination was not graded according to objective standards and (d) the review of such examination and of the grading thereof were not sufficient, and by reason thereof the respondents acted arbitrarily, capriciously and contrary to law.
It is undisputed on the record before the court that information concerning the scope of the oral test as hereinbefore set forth was furnished to the candidates in advance of the test (a) in the written announcement of the examination (b) in the written notice to appear for the oral test and (c) immediately before the oral test when the text thereof was read to the candidate.
It also appears from the record that each of the candidates was orally examined by the same three-man panel of examiners which propounded the same three questions to each examinee, using the same rating sheets for the grading of each candidate.
The rating sheets of each of the examinees are contained in the record before the court and set forth the rating procedures to be followed by the examiners, the three factors set forth in the scope of the oral test as set out above, and the standards by which each factor was to be graded.
On the review by the petitioners of the results of their oral examination before a representative of the Department of Civil Service the 1 ‘ Oral Test Rating Sheet ’ ’ was supplied to them. This Rating Sheet was a summary of the conclusions of the panel of examiners on the performance of each of the petitioners on each of the three factors delineated in the scope of the oral test which was furnished to the candidates prior to the examination on three separate occasions. This Rating Sheet also set forth the rating procedures that were followed by the examiners and indicated as did the announcement of the examination that a passing grade was 75. In the Blank proceeding the taped recording of the oral test was played back for him. The inability to play back the taped recording in the Fried proceeding is not under the circumstances here fatally defective.
The petitioners rely strongly on the cases of Matter of Dowling v. Brennan (284 App. Div. 563) and Matter of Weisslard v. Kaplan (25 Misc 2d 560). However, those cases are distinguishable on their facts from the cases at bar. It appears that in the instant cases the procedures laid down in the cited cases have been substantially followed.
The petitioners here have failed to establish any arbitrary, illegal or capricious action on the part of the respondents. (Mat *898 ter, of Gollin v. Watson, 200 Misc. 96; Matter of Croune, Special Term, Albany County, July 25,1952).
The respondents are entitled to a final order dismissing each of the petitions on the merits as a matter of law, without costs (Civ. Prac. Act, § 1300).