Milton M. Wecht, J.
In this article 78 proceeding petitioner seeks an order directing the respondent to annul and set aside the failing rating given petitioner on his conference test in the December, 1959 examination for license as assistant director of community education in the Board of Education of the City of New York and directing the respondent to give the petitioner a new conference test in said examination by fair, impartial and unbiased examiners. Petitioner has been a regular professional employee of the Bureau of Community Education in the Board of Education of the City of New York since 1928. On March 2, 1959 the respondent announced an examination for license as assistant director of community education. The announcement stated that the scope of said examination would consist of the following tests or parts: (1) a written test; (2) an interview test; (3) a conference test; (4) a supervision test; (5) a physical and medical examination; (6) an appraisal of record; (7) a rating of training and experience. The petitioner submitted his application to take said examination and subsequently received passing grades in the written, supervision and interview test parts of the examination.
The record discloses that on June 29, 1960 the petitioner was suspended by the Superintendent of Schools of the City of New York without pay from his position as principal of the ClintonMalten Youth and Adult Center for “ conduct unbecoming [his] position; conduct prejudicial to the good order, efficiency and discipline of the service; violation of the by-laws, rules and *136 regulations of the Board of Education.” The suspension and charges made by the Superintendent arose as a result of charges then pending before the Kings County Grand Jury which subsequently in July, 1960 indicted the petitioner and another for the crimes of grand larceny, petit larceny and forgery in the third degree. The petitioner was acquitted on January 6, 1961 of all the charges contained in the afore-mentioned indictment and on January 27, 1961 was restored to active duty pending disposition of the charges brought against him by said Superintendent of Schools. A special committee which was formed to investigate the charges found the petitioner guilty of said charges and recommended that petitioner be disciplined, and with petitioner’s approval, the disciplinary action was to consist “of a leave of absence without pay for a period of his respective suspension from duty without pay.” The petitioner approved this recommendation and agreed to waive his right to a formal trial. Thereafter at a regular meeting of the Board of Education held on July 27, 1961 a resolution was adopted and the charges against the petitioner were ‘ ‘ terminated and abated ” and the suspension terminated as of June 30, 1960 and in accordance with the request of the petitioner he was granted a leave of absence without pay from June 30, 1960 to January 26,1961 and was restored to full pay as of January 27,1961 and the trial examiner was discharged from further duty in the matter.
On June 8, 1961 petitioner was given the conference test in said examination for license as Assistant Director of Community Education. The test was conducted by three examiners and petitioner was later notified that he had failed and, upon his request therefor, respondent furnished the petitioner with a statement of the ‘ ‘ reasons for failure ’ ’ therein. Thereafter petitioner filed an appeal with respondent’s Appeals Committee appealing from the failing rating he had been given in the conference test. On February 14, 1962 the Appeals Committee recommended to the respondent that the appeal be dismissed and the respondent adopted such recommendation and at petitioner’s request sent petitioner a summary statement of the reasons for dismissal of the appeal on the conference test.
The petitioner contends that the examiners who conducted the conference test and the examiners who comprised the Committee on Appeals that considered his appeal were prejudiced against him and were determined that he should not pass the conference test because of the afore-mentioned charges lodged against him. It is also asserted that no stenographic transcript or electronic recording was made of the conference test and that the examiners *137 conducting it could pass or fail petitioner without objective evidence to support their decision and petitioner could not obtain any objective evidence to dispute such decision. Moreover, petitioner maintains that the examiners’ “ running notes ” of the test are largely illegible, incomprehensible, incomplete and contradictory and are completely unreliable evidence of petitioner’s performance in the conference test on which the respondent Board of Examiners could base an intelligent and informed judgment or which the respondent’s Appeal Committee could intelligently read and review in order to pass on the petitioner’s appeal. The respondent, in answering the petition herein, denied the material allegations of the petition. In addition thereto, there has been submitted by the respondent the affidavits of examiners Gilbert and Greene averring that petitioner was given a fair and impartial test without any bias or prejudice and that petitioner’s case received careful consideration and the petitioner’s rating of unsatisfactory in his conference test was due solely to his unsatisfactory performance in said test.
The constitutional requirement that appointments and promotions in civil service should be made according to merit does not require that all parts of a competitive examination be competitive in character (N. Y. Const., art. V, § 6). The number of examiners conducting oral tests and the manner in which tests are conducted are matters to be determined by the educational authorities (Matter of Sloat v. Board of Examiners, 274 N. Y. 367). On the papers and exhibits before us it cannot be said that the records compiled from the conference test are so defective as to make it readily apparent that they were not sufficiently objective to be capable of being challenged and reviewed by other examiners of equal ability and experience. It is not essential that the method of keeping the record be by common agreement the best of all methods, but only that it be practicable, reasonably adapted and suited for its purpose and be sufficiently objective to be challenged as pointed out above. The fact that a subjective element may be involved in the rating and even the eventual determination is not sufficient to invalidate the finding unless it destroys the requisite objectivity (Matter of Walker v. Board of Examiners, 22 Misc 2d 345, affd. 7 A D 2d 968, motion for leave to appeal denied 6 N Y 2d 707). While it appears that the notes on the working sheets of the members of the examining board afford an unsatisfactory basis for review, being in some instances fragmentary, disjointed, ambiguous, illegible or undecipherable, nevertheless sufficient is shown in the matter which is ascertainable therefrom and in the eonclusory summarizations arrived at, buttressed by the criticisms made, to demonstrate *138 that the examiners had a warranted foundation for the action taken and that it was not illegal, arbitrary, capricious or unreasonable (Weinberg v. Fields, 114 N. Y. S. 2d 238). An examination of the record of petitioner’s conference test discloses a reasonable basis for his failing rating. Apart from his personal disagreement with the examiners as to the quality of his performance in said test, petitioner has failed to indicate wherein his failing mark was improper or unreasonable. The determination will not be disturbed unless there is a showing of malice, bad faith or gross error. Upon the record presented herein this has not been established (Matter of Lehrman v. Board of Examiners, 22 Misc 2d 348).
Accordingly the application is denied and the petition is dismissed.