■ In the Matter of WILLIAM PEARL, Appellant, against NEW YORK STATE DEPARTMENT OF CIVIL SERVICE et al., Respondents.— Appeal from an order of the Special Term of the Supreme Court, Albany County, dismissing the petition in a proceeding under article 78 to cancel and set aside a determination made by the State Civil Service Commission. Order affirmed, with $10 costs, upon the opinion of Mr. Justice SCHIRICK at Special Term (8 Misc 2d 712). Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.

■ In the Matter of the Claim of HELEN DEITZ, on Behalf of Herself and Children, Respondent, against WILLIAM H. BUMSTEAD, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Between the industrial accident of November 21, 1941 and the employee's death by suicidal drowning on February 23, 1954, over 12 years had elapsed, and the question raised by the appeal is whether there is substantial evidence in the record to support a finding by the board that there was an association between the accident and the suicide. Decedent was employed as an automobile mechanic and on the date of accident he tripped and fell to the floor. He suffered a fracture of the fifth lumbar vertebra, some alteration in an osteo-arthritic process of the lower back, pains, rigidity and muscle spasm. Following this accident, decedent was partially disabled for some periods and totally disabled for others. He was frequently under medical treatment. He became depressed and dangerous to himself, and in 1951 underwent psychiatric treatment. This was diagnosed as manic depressive psychosis. At a hearing in January, 1952 a psychiatrist testified that there was an association between the accident in 1941 and the illness observed in 1951. This was based on the fact the decedent "continued to have pain in the region of the injury" and that this was an effect of the accident and "the difficulties with his back", his inability thereto "to succeed at anything", his failure thereby to keep employment, together adversely affected the mental illness. The physician was of opinion that the accident of 1941, therefore, was a competent and producing cause of the mental condition for which he had treated the decedent. On the basis of this testimony an award was made on January 21, 1952 by the referee for disability arising from the mental illness on the theory it was related to the accident and similar subsequent awards were made which were paid without protest or appeal by the carrier. The finding of the board that there is an association between the accident and the mental illness thus seems to us to be well founded. There is sufficient proof that the mental disease, which changed from time to time in intensity, was the cause of decedent's suicide in 1954. The suicide itself is abundantly proved. Decedent had threatened to kill himself several times; on February 23, 1954 he left his home stating he intended to end his life. He was never seen alive again. His body was recovered some months later from the river. Such a record warrants the finding of suicide. Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ.