Saul S. Streit, J.
This is an article 78 proceeding in the nature of a mandamus and prohibition to require the respondents to perform duties specifically enjoined upon them by law, and restraining the respondents from appointing persons to the position of £ 1 psychologists ’’ without competitive examination, and to prohibit and enjoin the respondent, Civil Service Commission from certifying the payrolls of such employees when they are illegally employed, and for an order terminating the employment of said persons.
The argument in respondents’ answering affidavit that the petitioners have no standing as not being prejudiced, nor suing as a taxpayer or in a representative capacity is untenable.
In Matter of Chironna v. Watson (304 N. Y. 255, 259) the court stated: ‘ ‘ as citizens of the State they may insist upon competitive civil service examinations as required by section 6 of article V of the State Constitution” (Matter of Cash v. Bates, 301 N. Y. 258).
The respondents in their answer and affidavits state that they have appointed the persons to the position of psychologist after they have proved their merit and fitness by competitive examination.
The Constitution of the State of New York (art. Y, § 6) requires that, so far as practicable, civil service examinations shall be objective and competitive.
*1010 The respondents passed special rules for examinations in accordance with paragraph E.29.1 of the Regulations of the New York City Civil Service Commission which reads as follows: ‘1 Whenever the commission declares by resolution that there exists a shortage of eligibles for a class of positions and directs the continuous receipt of applications therefor or other special method of recruitment, applications may be received, examinations scheduled and held, lists established and certified, and appointments made in such manner and in accordance with such special procedures as may be directed by the personnel director notwithstanding any rules or other regulation.” Paragraph 4.5.1 of the Rules of the City Civil Service Commission of New York City states: "Except when otherwise specified by the director of examinations, each test, subject or part of an examination shall be rated by not less than two examiners. They shall then affix to each paper or record a rating expressing the average of their judgment attested by their respective signatures or initials. The rating shall be comparative and in accordance with such standards as the needs of the service may require. Where there is an insufficient number of candidates in an open competitive examination or promotion examination to provide an eligible list to meet the needs of the service, the director may provide a mathematical formula of penalties for incorrect answers on the basis of test difficulty and other relevant factors involved in the rating of any written test. ’ ’ Section 1.13 defines examination as: " the process by which the department of personnel ascertains the fitness of candidates for entrance into the classified service or promotion therein.”
The respondents adopted a resolution authorizing the application of the unassembled technique as a comparative standard in testing candidates for the position of psychologist.
The purpose thereof was to obviate the sporadic and expensive methods of frequent written or oral testing because of the paucity of candidates. This rule enabled the respondents to examine an applicant, almost forthwith, to determine if he was qualified for the position in question. This technique of testing dispensed with written or oral examinations. However, minimum requirements are set up equal or greater than that required under the ordinary method of written examination.
Under the unassembled form of testing candidates, qualifications are minutely examined and rated, and so the candidates’ marks reflect their experience and professional background and also denote those whose standing and professional achievement are highest. The criteria used in such evaluations are allegedly objective.
*1011 The petitioners urge that some of the persons recently appointed pursuant to such method had previously failed the written competitive examination. That such persons have now been certified as permanent classified civil service employees.
This argument is without merit. Having failed one examination would not prevent an applicant from taking a future test for the same position.
The issue herein is whether the so-called “ unassembled ” examination meets the requirements of being objective and competitive.
The law does not require the impossible or forbid the reasonable. (Matter of Sloat v. Board of Examiners, 274 N. Y. 367.)
Evidently it is not practicable to hold an examination for psychologist at given intervals as it would for “ Clerk” since the demand has greatly exceeded the supply and while in dire need for such applicants, the response is only sporadic. To postpone the examination, might result in the loss of an applicant.
The factor which concerns the court is whether the unassembled examination is competitive. As stated in Matter of Fink (270 N. Y. 356, 361-362): “ A test or examination, to be competitive, must employ an objective standard or measure. "Where the standard or measure is wholly subjective to the examiners it differs in effect in no respect from an uncontrolled opinion of the examiners and cannot be termed competitive. * * # An examination cannot be classed as competitive unless it conforms to measures or standards which are sufficiently objective to be capable of being challenged and reviewed, when necessary, by other examiners of equal ability and experience.”
The answer herein and the answering affidavits are not sufficient for the court to determine at this stage that the method used is competitive in the sense in which it is used.
In Matter of Pearl (8 Misc 2d 712, 713) the court stated: ‘1 The oral examination taken by the petitioner was competitive in the sense that all candidates were examined under similar conditions and their performance measured by the same standards and criteria. It was objective in the sense that stenographic minutes and a tape recording were made of the examination which can be and have been reviewed. ’ ’
The meeting of requirements as required by the Constitution of the State of New York is not evident from the submitted papers. Hence a trial is required to determine these issues. Accordingly, the proceeding is directed to be set down for a hearing on this issue.