In the Matter of ANTHONY BUCALO et al., Respondents-Appellants, v. H. ELIOT KAPLAN et al., Constituting the New York State Civil Service Commission, et al., Appellants-Respondents.

In the Matter of JEROME BREGSTEIN et al., Respondents-Appellants, v. H. ELIOT KAPLAN et al., Constituting the New York State Civil Service Commission, et al., Appellants-Respondents.

Third Department, November 21, 1963.

*Louis J. Lefkowitz, Attorney-General (Joseph J. Rose* and *Paxton Blair* of counsel), for appellants-respondents.

*DeGraff, Foy, Conway & Holt-Harris (Harry W. Albright, Jr.,* and *John Carter Rice* of counsel), for respondents-appellants.

BERGAN, P. J. The court at Special Term has vacated the results of oral tests of petitioners in connection with two com-

petitive promotion State civil service examinations and directed that new oral tests be given. One examination was for senior unemployment insurance claims examiner; the other was unemployment insurance manager. Petitioners passed the competitive written tests but failed the oral tests. Respondents appeal from this part of the order and petitioners appeal from a portion of the order which directed new tests be given rather than resubmission of the former tests.

The main problem in the case is whether the rating of the oral examination required the evaluation of separate factors which entered into the judgment of the examiners sufficiently to meet the criteria laid down in *Matter of Fink* v. *Finegan* (270 N. Y. 356). This decision prescribed basic principles for oral examinations of capacities and skills of persons tested in areas commonly concerned with subjective judgments. The Special Term held that the oral examinations here did not meet this test; and in this part of the decision we are in agreement.

It is clear that *Fink* required objective standards to be employed in oral examinations which turn upon subjective areas of judgment. The formulation of how those standards are to be set up was not attempted, although the court gave some illustrative examples (p. 362).

But a minimum test of objectivity was laid down. The "measures" or the "standards" shall be "sufficiently objective" so that they may be intelligible to other competent examiners who may review them, i.e., clear enough to be "capable" of being reviewed by other examiners (p. 362). This necessarily means that some disclosure be made in the record of the elements which entered into the judgment of the examiners.

Nothing said or decided two years later in *Matter of Sloat* v. *Board of Examiners* (274 N. Y. 367) weakened or altered this requirement for objectivity. The record on appeal in that case discloses that the examiner had a rating sheet containing the standards and the categories to be rated in the subjective matters of "personality, mental responsiveness and use of oral English" announced for that teachers' test; and rated the persons examined according to those standards.

It is against the background of this record that the opinion in *Sloat* must be read. Citing *Fink,* and quoting its language to the effect that it applied where there was no application of the necessary objective measures or standards, the opinion noted: "That is not the case here." (*Sloat,* p. 374.)

There were, in the ratings made by the examiners in the case now before us, no disclosure of the elements, the categories or the standards which went into the evaluations made by the

examiners. The scope of the oral tests, essentially similar for the two positions, was laid down on the broadest lines. They were such matters as " potential supervisory ability " or " managerial ability " and " skill in interpersonal relationships ".

Such abilities or skills are capable of evaluations based on reasonable standards both in public civil service and in private industrial personnel recruitment; but without standards the evaluations may rest on elusive individual preferences and judgments. In civil service oral examinations it becomes important to use objective standards and to separate and state the elements of judgment as far as may be reasonable and practical.

This was not done here, and the ratings of the petitioners leave us wholly unadvised as to the standards upon which the ratings were made. We are of opinion it would be entirely practical for the examiners to have followed guidelines in valuing the components in their testing and to have stated the results as to each component.

The court at Special Term was of opinion that the announcement of the scope of the oral test, to which we have referred, was too broad and indefinite, and did not adequately apprise the petitioners of the nature of the test. But it was no more indefinite than the announcement approved in *Sloat* and we would not interfere with the examination on this ground.

Since new oral tests must be given, however, it would be preferred practice to state for the information of the persons tested the criteria and standards which will be used by the examiners in their ratings.

The fact that the tests were conducted by different panels is not a sufficient ground for cancellation of the ratings and seems reasonable administrative decision on the management of oral examinations.

The order should be affirmed, without costs.

HERLIHY, REYNOLDS and TAYLOR, JJ., concur.

Order affirmed, without costs.