Seymour Bieber, Spec. Ref.
Petitioners seek to restrain respondents from appointing persons to the position of “psychologist ” without competitive examination, to prohibit and enjoin respondent Civil Service Commission from certifying the payrolls of such employees when they are so employed, and for an order terminating the employment of said persons.
After a finding at Special Term that the pleadings and other papers before the court were not sufficient to determine whether the unassembled technique of testing here involved meets the civil service examination requirements of the Constitution of the State of New York, upon consent of counsel for the respective parties, this matter was referred to me, to hear and determine. By stipulation of counsel, with the approval of the referring court, the proof heretofore adduced in this proceeding before the late Hon. William F. Cronin, Special Referee, is deemed to be a part of the record before me.
The evidence shows that pursuant to paragraph E.29.1 of the Regulations of the New York City Civil Service Commission, respondents adopted a resolution authorizing the application of the unassembled technique to test candidates for the position of psychologist. This method of testing, an evaluation of training and experience, obviates the necessity of applicants to assemble at a particular test site, on a day certain, for written or oral examinations. It was established that the purpose of respondents’ resolution was “ to obviate the sporadic and expensive methods of frequent written or oral testing because of the paucity of candidates. This * * * enabled the respondents to examine an applicant, almost forthwith, to determine if he was qualified for the position in question” (Matter of Young v. Trussel, 36 Misc 2d 1009, 1010). Peti *110 tioners argue, however, that the unassembled technique of testing, as applied by respondents with respect to the examination and appointment of psychologists, failed to include or to satisfy the mandatory standards of objectivity and competitiveness.
There can be no1 dispute that the laws of this State require civil service examinations, so far as practicable, to be objective and competitive (N. Y. Const., art. V, § 6; Civil Service Law, § 50). Compliance therewith, however, does not necessarily compel a perpetuation of traditional practices of personnel recruitment, such as the use of written or oral tests, which time and circumstances may render unfeasible and ineffective. Although the subject criticism of the unassembled technique of testing, without the customary written or oral examination, appears to present a case of first impression in this jurisdiction, it is to be noted that our courts have heretofore approved departures from usual practices of rating by civil service examining boards, where the methods of obtaining qualified personnel were justified by existing needs and conditions (see Matter of Bobbins v. Schechter, 7 Misc 2d 436, affd. 3 A D 2d 1010, affd. 4 N Y 2d 935).
A civil service examination, to be competitive, must employ an objective standard or measure which is capable of being challenged and reviewed by other examiners of equal ability and experience (Matter of Fink v. Finegan, 270 N. Y. 356, 361-363). Contrary to petitioners’ contention, the credible testimony and documentary evidence clearly establish that such standard and means of objective, measure were developed and adopted by respondents to ascertain the competence, training and experience of those candidates ultimately selected by the unassembled technique for the subject positions of psychologist.
The objective means so employed by respondents for testing potential psychologist-employees consisted of two principal items, to wit, (1) the fixed minimum requirements necessary to file an application for the subject position, and (2) the rating ‘ ‘ key ’ ’, prepared by respondents after frequent consultation and conference with eminent and qualified members of the profession involved. This rating “ key ” was used by respondents’ examiners to measure objectively the training, experience and special qualifications a candidate may have possessed in addition to the afore-mentioned fixed minimum requirements. By such use of the “key”, eligibles received additional credit on a competitive basis over and above the 70% grade obtained upon their meeting the minimum requirements for filing (supra).
Thus, the proof shows beyond doubt that this rating “ key ”, coupled with the specific preliminary requirements set forth *111 in respondents’ notice of examination, fixed standards of training and experience consonant with the professional requirements for competent and capable performance of the duties and responsibilities attendant to the psychologist positions sought by the candidates.
As a result of establishing such objective means of measure, examiners were able to scrutinize minutely a candidate’s alleged qualifications and to give each of them a precise rating, so that the final grade reflected both his experience and professional background. The preciseness of the credits fixed by the rating “key” and granted for higher professional achievements and experience, when added to the minimal qualifications required to be eligible for filing for the position of psychologist, combined to make it feasible, not only to mark objectively and definitively, as noted, but also to establish competitive standings among candidates. Those eligibles, therefore, whose professional qualifications exceed the minimum can surpass others who, by virtue of lack of experience, background or training, cannot offer similarly high qualifications.
The proof further establishes that the experience and education of the candidates are separately rated by two examiners, using the exact procedure employed by respondents in rating written examinations. Inasmuch as these ratings are precise, the result of expertly fixed standards, and are appealable, as in the case of all grades based on written tests, to the committee of manifest errors, I hold that they are sufficiently objective and capable of being challenged and reviewed, when necessary, as required by law (Matter of Fink v. Finegan, supra).
Petitioners’ reliance upon the determination of the Court of Appeals in Matter of Cowen v. Reavy (283 N. Y. 232) is unwarranted, inasmuch as it is readily distinguishable from the matter at bar. Unlike the specific requirements of the subject examination, the Court of Appeals held that a rating for “general qualifications” was “wholly subjective to the examiners and unappraised by objective standards of any kind” (supra, p. 237). In the instant proceeding, however, a candidate’s rating is based upon fixed standards and criteria, as above set forth, so that such ratings are subject to challenge and review by other examiners.
Significantly, even the Coioen case recognized that the function of the Civil Service Commission in fixing standards for testing was the subject of judicial review only in the event of a “ clear showing * * * that * * * the action * * * was arbitrary, capricious or unreasonable ” (supra, p. 237; see, also, People ex rel. Sweeney v. Nice, 279 N. Y. 70, 73; Matter of *112 Andresen v. Rice, 277 N. Y. 271, 276-277). No such proof has been adduced here. On the contrary, there is nothing in the record which warrants the conclusion that the use of written or oral tests would be superior, in any manner, to the unassembled technique employed here by respondents.
In my opinion, the mandate of the Constitution for the ascertainment and fitness of qualified civil service candidates, by competitive examinations “ so far as practicable ” (N. Y. Const., supra), cannot be transformed into an interdict against unassembled examinations which, due to existing conditions, are best adapted for the necessary demonstration of fitness and merit. The law does not require the impossible or forbid the reasonable (Matter of Sloat v. Board of Examiners, 274 N. Y. 367, 373-374). ' ,
Moreover, the specific language of our Constitution, to wit, “as far as practicable”, plainly implies that other methods and tests may be employed to ascertain these qualifications and the abilities of civil service candidates (see People ex rel. Sweet v. Lyman, 157 N. Y. 368, 376). Petitioners’ narrow interpretation of the merit and fitness provisions of our laws as requiring, in effect, constant adherence to the familiar system of written or oral examination, therefore, is clearly without merit.
The manifest purpose of the civil service statutes and of our State Constitution is to improve the civil service by securing employees of greater merit and ability. It must be deemed, therefore, also to be within their purpose and intendment that customary methods' of examination should not control when, as here, they have failed to produce the needed personnel and, more particularly, when other and newer methods have clearly demonstrated an ability to fill such needs (People ex rel. Sweet v. Lyman, supra, p. 382).
Giving due consideration to the foregoing, upon the evidence before me, I hold that the unassembled technique of testing, as applied by respondents here, fully satisfies the required standards of objectivity and competitiveness. I further hold that the subject examination for the position of psychologist contained objective standards which are capable of appeal and review. The exacting and detailed requirements necessary for qualification, together with the objective, professional standards fixed in the “key” for the purpose of rating candidates for the subject position, comply with the applicable provisions of the Constitution and Civil Service Law (supra). The use of such unassembled technique, therefore, is proper and lawful.
Accordingly, the application is denied and the petition is dismissed.