■ In the Matter of CARMEN MERLINO, Appellant, v ALAN SCHNEIDER et al., Respondents. [676 NYS2d 690] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondents dated March 15, 1996, which denied the petitioner certification for civil service employment as a Spanish-speaking probation investigator, the appeals are from (1) a decision of the Supreme Court, Suffolk County (Stark, J.), dated June 13, 1997, and (2) a judgment of the same court entered August 18, 1997, which denied the petition and dismissed the proceeding.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (see, Schicchi v Green Constr. Corp., 100 AD2d 509); and it is further,

Ordered that the judgment is reversed, on the law and as a

matter of discretion, and the petition is granted to the extent that the matter is remitted to the respondents for further proceedings consistent herewith; and it is further,

Ordered that the appellant is awarded one bill of costs.

The petitioner, a Spanish-speaking community-service worker employed by the Suffolk County Department of Social Services, took a civil service exam to qualify for the position of Spanish-speaking probation investigator. The test included both written and oral examinations. The petitioner passed the written test but received a failing grade on the oral portion of the examination. As a result, she was denied certification as eligible for permanent appointment to the position. Following an unsuccessful administrative appeal, she commenced the instant proceeding to challenge the respondents' determination. The Supreme Court denied her petition and dismissed the proceeding. We reverse.

Oral civil service examinations for competitive positions must employ an objective standard or measure capable of being challenged or reviewed by other examiners of equal ability and experience (*see, Matter of Fink v Finegan,* 270 NY 356). "Where the standard or measure is wholly subjective to the examiners it differs in effect in no respect from an uncontrolled opinion of the examiners and cannot be termed competitive" (*Matter of Fink v Finegan, supra,* at 361-362; *see also, Matter of Bridgman v Kern,* 257 App Div 420, *affd* 282 NY 375).

Initially, we are persuaded that the respondents' refusal to provide the petitioner with a copy of the audiotape of her oral examination frustrated her right to meaningful administrative review of the examiner's determination (*see, Matter of Jochnowitz v Poston,* 55 Misc 2d 898). Without this audiotape it was impossible for the petitioner to effectively challenge the examiner's decision. While the petitioner was permitted to listen to the audiotape herself, there is no indication in the record that she was notified that she could have an attorney or expert accompany her to facilitate her review. There is likewise nothing in the record to explain the review process employed or even to identify who reviewed this matter. Moreover, the respondents do not refute the petitioner's charge that the audiotape was not listened to in the course of the administrative appeal. While we may not second guess the exercise of the respondents' judgment, we may nullify an arbitrary determination where the respondents have failed to demonstrate that duly-established review procedures have been followed (*see,* Civil Service Law § 50 [7]).

These procedural shortcomings were especially egregious

under the facts at bar because the oral examination, consisting of a series of questions intended to elicit personal information about the petitioner and ostensibly designed to test her pronunciation, grammar, and vocabulary, had no answer key (*see, Matter of Bucalo v Kaplan,* 19 AD2d 478). Thus, the examiner possessed nearly unfettered discretion to determine whether a passing grade had been achieved (*see, Matter of Young v Trussel,* 42 Misc 2d 108).

In light of the total absence of objective standards to govern the test, coupled with the respondents' refusal to provide the petitioner with a copy of the audiotape for purposes of administrative review, we agree that the petitioner's right to have her competency judged in a competitive examination process has been violated. However, contrary to the petitioner's contentions, she is not entitled to certification as being eligible for appointment to the desired position. Rather, the appropriate remedy is to remit this matter to the respondents for reconsideration pursuant to objective standards, so as to afford the petitioner the opportunity to earn the position via a truly competitive examination (*see, Matter of Andriola v Ortiz,* 82 NY2d 320, *cert denied sub nom. Andriola v Antinoro,* 511 US 1031; *Matter of Greco v Department of Personnel,* 226 AD2d 105). Miller, J. P., Joy and Florio, JJ., concur.

Thompson, J., concurs in part and dissents in part and votes to dismiss the appeal from the decision and to affirm the judgment with the following memorandum: I disagree with my colleagues and conclude that the judgment should be affirmed. Courts may intervene to ensure that tests are fairly administered and that promotions are awarded according to merit and fitness (*see,* NY Const, art V § 6; *Matter of Weitzenberg v Nassau County Civ. Serv. Commn.,* 172 AD2d 613, 614). However, once it is determined that the standards employed were fair and reasonable, the Court's involvement ends (*see, Matter of Lawson v Levitt,* 211 AD2d 587, 588). It is not the function of a Court to micromanage the testing of candidates for competitive positions, especially where special expertise such as oral proficiency in foreign languages must be assessed by expert reviewers.

Notably, we have observed that, "[t]his Court will not interfere with the [agency's] discretion in determining the qualifications of candidates unless the decision is so irrational and arbitrary as to warrant judicial intervention" (*Matter of Weitzenberg v Nassau County Civ. Serv. Commn., supra,* at 614). The respondents' determination in this matter was not arbitrary or irrational.

Here, the oral examination in question was intended to assess a candidate's conversational Spanish skills and necessarily involved a certain measure of subjectivity (*cf., Matter of Sloat v Board of Examiners,* 274 NY 367, 373; *Matter of Fink v Finegan,* 270 NY 356; *Matter of Oback v Nadel,* 57 NY2d 620, 626 [Gabrielli, J., dissenting]; *see also, Matter of Pearl v New York State Dept. of Civil Serv.,* 8 Misc 2d 712, *affd* 5 AD2d 739). Moreover, there were preexisting grading parameters for evaluating a candidate's performance. The record reveals that the examiner filled out a grading sheet, which contained separate columns for each graded area and a separate score for each area of expertise assessed. The petitioner's grades were recorded, together with the examiner's notes relative to each graded area. The petitioner's scores simply failed to meet the minimum requirements for the position.

Although the petitioner may disagree with the examiner's grading of her test, this is not a basis upon which to set aside the agency's determination. Moreover, the fact that there was no preformulated answer key does not establish that the test was unfair or arbitrary. Since the examination was intended to assess grammar, vocabulary, and pronunciation in a purely conversational context, each candidate's extemporaneous responses would necessarily be unique; and, therefore, were properly assessed by the reviewer as the conversation unfolded. It would be impossible to construct an answer key which would anticipate the various responses, grammatical nuances, and modes of pronunciation which a candidate might employ (*see, Matter of Sloat v Board of Examiners, supra,* at 373). Under these circumstances, any assessment of a candidate's conversational skills is best left to the respondents, whose examiners possess the special expertise and knowledge necessary to effectively evaluate the candidate's qualifications.

The petitioner's remaining contentions lack merit. Accordingly, I vote to affirm the judgment appealed from.