## (December 30, 1964)

In the Matter of JOHN H. DONOHUE, Appellant, v. ARTHUR CORNELIUS, JR., as Superintendent of the Division of State Police, Respondent.— *Per Curiam.* Appeal from a judgment of the Supreme Court in an article 78 CPLR proceeding which sought, among other things, to annul (1) article 10 of the Regulations of the New York State Police, governing promotions to competitive positions and the competitive examinations therefor and (2) a promotion examination announcement, dated October 21, 1963; on the grounds that each is violative of the constitutional requirement of "examination which, as far as practicable, shall be competitive" (N. Y. Const., art. V, § 6) and that neither conforms to the judicial tests and standards applicable to civil service competitive promotional examinations. (Opinion 45 Misc 2d 42 on prior application 39 Misc 2d 539.) The issues are well outlined in the comprehensive

opinion written at Special Term. The provision for an oral examination and the assignment thereto of a relative weight of 20 seem to us unobjectionable per se and might be unobjectionable when combined with a service record rating, also weighted at 20, compiled according to the system previously followed, whereby the service record rating was determined upon the basis of the candidate's day-to-day performance, thus representing, it may be presumed, the aggregate judgments of a number of rating officers over a period of time; and the final evaluation resulting therefrom being more objective and more readily appraisable as to accuracy and fairness. The system now formulated involves an evaluation made specifically for purposes of the examination by a rating board guided only by general standards. Thus, upon combination of the service record rating and the oral examination result, an aggregate weight of 40 would be assigned factors constituting judgments largely subjective. This dilution of the competitive elements seems of questionable validity and certainly so in the absence of any proof and finding of the practical necessity therefor. (Cf. *Matter of Fink* v. *Finegan,* 270 N. Y. 356, 363; *Matter of De Luca* v. *Gaffney,* 282 App. Div. 607, 611.) Judgment reversed, on the law and the facts, with costs to appellant, and matter remitted to the Special Term for further proceedings not inconsistent herewith. Gibson, P. J., Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.