John H. Pennock, J.
This is a proceeding instituted under article 78 of the CPLR to review an oral qualification test given by the respondents as a part of a civil service promotional examination for the position of Employment Manager in the Division of Employment of the Department of Labor, State of New York. The petitioners herein were 10 out of a substantial group of persons who were candidates in the examination and together with some of the other candidates passed the written test but failed the oral qualifications part of the examination. They now seek a review by this court of the actions of the respondents and pray for an order revoking or setting aside as null and void the oral qualification part of the examination given by the respondents.
The announcement for the examination was issued by the respondents on November 11, 1960, and the written portion of the examination was held on January 21, 1961. The written announcement contained a statement “ candidates who pass the written test will be required to pass a qualifying oral test to be eligible for appointment ”, The qualifying oral test was to be given to the eligibles as the need of the department required such appointments. The announcement further provided ; ‘ ‘ Scope of oral test; the oral test will be designed to test for potential supervisory ability and skill and interpersonal relationship ’ \
All the petitioners, after having taken the oral qualifying test, were notified by the respondents that they did not exhibit sufficient potential supervisory ability and skill and interpersonal relationship and therefore their names were not certified to be appointed.
The petitioners claim the oral examinations were not competitive, in that objective standards in giving and grading the tests were not used and the acts of the respondents are arbitrary, capricious and unlawful. They urge that none of the petitioners are barred by the limitations provisions of article 78 of the CPLR and that laches should not be applied to any of the petitioners.
The respondents claim that only that portion of the petition pertaining to petitioner Abo may be considered by the court *886 as the other petitioners are barred by the Statute of Limitations and/or laches and further that all the acts of the respondents concerning the examination and the oral test were done in compliance and in accordance with the mandate of the Constitution (art. V, § 6), and of the Civil Service Law and Buies of the State of New York.
There is no doubt that petitioner Abo is within the four months of the ruling of the department on his appeal. The petitioners rely on the Bucalo case as authority for this court to review and accord relief to all of the petitioners herein. (Matter of Bucalo v. Kaplan, 19 A D 2d 478, affg. Mr. Justice MaoAefeb at Special Term.) The respondents have interposed in their answer separate and complete defenses and objections in point of law. This court, in following the Bucalo ease, denies the dismissal of the petitions based upon these defenses as set forth in the answer. (Matter of Bucalo v. Kaplan, supra.) The defense of laches is likewise rejected. (Matter of De Luca v. Gaffney, 282 App. Div. 607.) Therefore, the court shall make a review of the matter.
The main question in the case is whether the requirement of the oral qualification examination was violative of the constitutional requirements of an “ examination which, as far as practicable, shall be competitive ” (N. Y. Const., art. V, § 6) and whether such conforms to the judicial test and standards applicable to civil service promotional examinations.
The petitioners claim the oral examination and the marking are not unlike that of the Bucalo proceedings. There Mr. Justice Bergau said, “ There were, in the ratings made by the examiners in the case now before us, no disclosure of the elements, the categories or the standards which went into the evaluations made by the examiners. The scope of the oral tests,, essentially similar for the two positions, was laid down on the broadest lines. They were such matters as 6 potential supervisory ability ’, or ‘ managerial ability ’ and ‘ skill in interpersonal relationships The court further said: “ This was not done here, and the ratings of the petitioners leave us wholly unadvised as to the .standards upon which the ratings were made. We are of opinion it would be entirely practical for the examiners to have followed guidelines in valuing the components in their testing and. to have stated the results as to each component.” (Matter of Bucalo v. Kaplan, 19 A D 2d 478, 479, 480, supra.)
This court made a comparison of the marking sheets in the record on appeal of the Bucalo proceeding with those in the present record and finds that there has been a .substantial differ *887 ence in the mechanics of the oral test. The rating sheets in the instant proceeding sufficiently apprise the court of the standards upon which ratings were made. The ratings were based upon two basic factors which were subdivided into four component parts. Each of the factors carried a weight of 10 points. Each component or subfactor was not marked separately, but was obviously used as guide by the examiners in arriving at the rating of each factor. The examiners’ comments disclose the elements, categories and standards which went into the evaluations made by the examiners. Reasonable men may differ as to the evaluations, but the ingredients for other examiners and the court to make and review the ratings are present in the instant case. (Matter of Fink v. Finegan, 270 N. Y. 356.)
Under the present marking, the standard of measure is not wholly subjective to the examiner. It is virtually impossible to eliminate the “ subjective ” from an oral examination; however, the instant tests certainly contain it to the bare mimmnm.
The court is constrained to apply the requirements as set forth in Matter of Donohue v. Cornelius (22 A D 2d 1000). It appears that oral qualification examinations differ substantially from oral examinations. The latter is weighted competitively with the written examination to establish a final grade. The oral qualification examination is a condition precedent to appointment and is not competitive and a candidate only has to meet the set minimum standard to be certified. It is conceivable that none of the candidates might qualify for eligibility on the oral qualification test although all pass the written test. The courts have never questioned the propriety of a pure oral qualification examination, and rightly so. Government civil service positions are no longer limited to the traditional positions adequately filled by a written competitive examination only. Many positions now require special abilities which can only be tested by an oral test. “Such abilities or skills are capable of evaluation based on reasonable standards both in public civil service and in private industrial personnel recruitment ’ ’. (Matter of Bucalo v. Kaplan, 19 A D 2d 478, 480, supra.) An oral qualifications test is a reasonable standard to test abilities and skills.
The announcement of the scope of the oral qualification test was not too broad and indefinite, and did apprise the petitioners of the nature of the test. (Matter of Sloat v. Board of Examiners, 274 N. Y. 367.) Furthermore the candidates were given a copy of the marking sheet prior to taking the oral test.
Perhaps the rating sheets on a departmental administrative appeal should be exhibited to the candidate in the same manner *888 as a written examination, but the record discloses that failure to do so is not decisive on the present proceedings, as this court has considered the rating sheets in making its determination.
It is therefore determined that other than this review, the petitioners’ prayer for relief is denied.