Louis Fusco, Jb,., J.
This is an action instituted by the plaintiff, Charles E. Moran, to recover $4,850 in back salary for the period from July 1, 1966 to June 30, 1968 in addition to punitive damages.
The parties have heretofore stipulated that this case would be decided on the basis of affidavits and exhibits previously submitted.
The plaintiff was appointed an Assistant Special Deputy Clerk in the Supreme Court, First Judicial District on October 1, 1956 and so served as Courtroom Clerk, Special Term, Part 1, performing additional duties as assigned by the Special Deputy Clerk of Special Term, Part 1, of the Supreme Court, Bronx County continuously from that date to the present.
Article VI of the Constitution of the State of New York, the new Judiciary article, became effective on September 1, 1962. Section 28 of this article vested in the Administrative Board of the Judicial Conference of the State of New York, the authority to establish standards and administrative policies for applicability throughout the State of New York. The newly created Article 7-A of the Judiciary Law also became effective on September 1,1962, and this article statutorily defined and implemented the authority of the Administrative Board in the area of judicial administration. Hence, the task of establishing a civil service structure for the newly created unified court system bestowed upon the board.
On or about March 25, 1966, pursuant to its authority, the board issued its “ Classification Plan, Unified Court System— *69 New York City”, effective July 1, 1966. In accordance with this Classification Plan, the plaintiff was reclassified as a Court Clerk I. However, the Court of Appeals in Matter of Ainsberg v. McCoy (26 N Y 2d 56) held that the petitioners should have been reclassified as Court Clerks II effective July 1, 1966. Mr. Moran, the plaintiff in this action and one of the petitioners in Ainsberg (supra) therefore falls within this class so designated by the Court of Appeals.
On December 6, 1965, tentative joint procedures for collective bargaining were announced by both the City of New York and the Administrative Board of the Judicial Conference and a memorandum of understanding between said city and board, formally adopting such joint collective bargaining procedures and further providing that salary adjustments resulting from such procedures or other joint considerations may be retroactive to July 1, 1964, was then signed on December 15, 1965 by the Director of the Budget of the City of New York and the State Administrator of the Judicial Conference.
Personnel Order No. 108/65, dated December 28, 1965 approved the extension of the time limit for reaching agreement in negotiations with respect to positions within the Unified Court System paid in whole or in part from city funds.
On February 24, 1967, the office of the Mayor of the City of New York announced Court System Personnel Order No. 2/67, which was directed to the heads of all the affected courts and agencies of the unified court system paid by the City of New York and which stated that as a result of collective bargaining engaged in between the City of New York and the Administrative Board of the Judicial Conference of the State of New York and the duly chosen majority representatives of its employees, viz., the Supreme and Surrogate’s Court Attaches Association of employees in certain classes of positions, (one of which was Court Clerk II), and by reason of negotiations undertaken by the City Director of Labor Relations and the State Administrator and in accordance with the memorandum of understanding, dated December 15, 1965, and Personel Order No. 108/65, dated December 28,1965, revisions of salaries for certain classes of positions (including Court Clerk II) and the implementation of certain other adjustments contained in the schedule were ordered. The Director of the Budget was authorized and ordered, pursuant to the authority vested in him by law, to take such action as would be necessary to carry out that order. The salary plan delineated in this collective bargaining contract which embraced the position of Court Clerk II was retroactive to July 1, 1964 and is hereinafter set forth as follows:
*70 Effective Effective Effective Effective
July 1, 1964 July 1, 1965 July 1, 1966 Jan. 1, 1967
Minimum .......... . $10,750 $11,500 $12,250 $13,000
Maximum .......... $13,500 $14,250 $15,000
Longevity Step...... $13,900 $14,650 $15,400
Annual Increment ... $ 400 $ 400 $ 400
In the course of implementing a new title structure for the then newly created unified court system on or about March 25, 1966, the board had occasion to evaluate the functions of each of the positions. The board concluded that the functions performed by certain of the incumbents should be evaluated at a higher level than these functions had been evaluated in the past. The plaintiff held a position which was in fact so evaluated. The net result was that the plaintiff, having been an Assistant Special Deputy Clerk, was converted to a Court Clerk I, but the duties which he had been performing uninterruptedly as an Assistant Special Deputy Clerk were now evaluated at the higher level of Court Clerk II.
The plaintiff contends that his years of service as an Assistant Special Deputy Clerk from October 1, 1956, in which he performed the said functions which later were reevaluated at the Court Clerk II level, created a tenure which fixed his starting salary on July 1, 1966 (the effective date of his reclassification as Court Clerk II pursuant to Matter of Ainsberg v. McCoy, 26 N Y 2d 56, supra) at the longevity level which was $14,650 and was the highest starting level that any Court Clerk II could possibly have received. In contrast, the defendant contends that plaintiff’s prior service as an Assistant Special Deputy Clerk does not so enure to his position as Court Clerk II and consequently, on July 1, 1966 the plaintiff is to be treated in effect as a newly created Court Clerk II, and accordingly, should be paid the minimum salary prescribed by the contract, to wit, $12,250. Thus it is the defendant’s contention that no increments accrue to the plaintiff as a result of his prior service as an Assistant Special Deputy Clerk.
The issue at bar is whether section 223 of the Judiciary Law, section 35 of article VI of the New York State Constitution, and section 121 (subd. 2, par. [b]) of the Civil Service Law entitle the plaintiff to allocate his years of prior service as an Assistant Special Deputy Clerk, thereby fashioning a tenure which would enable his starting salary on July 1, 1966 to be fixed at the highest level, to wit, the longevity level. We do not find that the holding in Matter of Ainsberg v. McCoy (supra) or the statutes controlling herein compel the conclusion advanced by either the plaintiff or the defendant as will later appear herein.
*71 Section 1 of article VI of the New York State Constitution states: “ Section 1. (Unified court system; organization; process.) a. There shall be a unified court system for the state ”.
Section 28 of article VI of the New York State Constitution states : “ § 28. (Administrative supervision of court system.) The authority and responsibility for the administrative supervision of the unified court system for the state shall be vested in the administrative board of the judicial conference * * * The administrative board, in consultation with the judicial conference, shall establish standards and administrative policies for general application throughout the state.”
Section 35 of article VI of the New York State Constitution states: “ § 35. (Certain courts abolished; transfer of judges, court personnel, and actions and proceedings to other courts.) * & *
“ 1. As may be provided by law, the non-judicial personnel of the courts affected by this article in office on the effective date of this article shall, to the extent practicable, be continued without diminution of salaries and with the same status and rights in the courts established or continued by this article ”,
Section 223 of the Judiciary Law states: “ 1. =::‘ * * Officers and employees of the other courts affected by article six of the constitution, as amended, on the effective date hereof, shall be continued in their office or employment in such courts without diminution of salaries and with the same status and rights.” The thrust of these statutes is clearly to protect non judicial personnel in the affected courts after reorganization and consequently are designed to be used defensively, i.e., as a shield rather than a sword. Therefore the argument proffered by the plaintiff does not fall within the spirit of these statutes and is thus exempted from their purview. The plaintiff has suffered no diminution in salary and did not receive a sterile promotion, i.e., a promotion accompanied by either no increase in salary or by a corresponding decrease in salary. The Court Clerk II classification which plaintiff received in fact increased his salary albeit in an extremely negligible amount.
Section 121 (subd. 2, par. [b]) of the Civil Service Law states: “ (b) When a position is allocated pursuant to the provisions of this chapter to a salary grade in section one hundred thirty of this chapter, the incumbent thereof, whether employed on a permanent or temporary basis, shall be paid the minimum salary of the salary grade to which such position is allocated, plus the number of increments which corresponds with the number of his years of service in such position (Emphasis added.)
*72 The plaintiff argues that this statute entitles him to be paid as a Court Clerk II from 1956 as his years of prior service in performing Court Clerk II functions require his starting salary on July 1, 1966 to begin at the longevity level.
However, section 121 (subd. 2, par. [b]) must be read in conjunction with section 130 of the New York State Civil Service Law, as amended, and section 15 of chapter 158 of the Laws of 1970.
Section 15 (subd. 1, par. [a]) of chapter 158 of the Laws of 1970 states: “ § 15 (Adjustment of compensation of certain state officers and employees.)
‘11. This section shall apply to all state officers and employees, except the following:
“ (a) officers and employees of the legislature and the judiciary ’ ’.
Thus the plaintiff is specifically exempted from the application of sections 121 and T30 of the Civil Service Law.
Moreover, even if the plaintiff were not specifically exempted from the application of sections 121 (subd. 2, par. [b]) and 130 of Civil Service Law, the plaintiff’s argument could still not prevail. The sections refer to nonexempted New York State civil service employees who are paid by the salary scale as set forth in section 130. The plaintiff’s salary as a Court Clerk II was determined pursuant to a collective bargaining agreement negotiated by his lawful collective bargaining agent and since Matter of Ainsberg v. McCoy classified plaintiff as Court Clerk II, the plaintiff cannot escape the scope of the said collective bargaining contract.
Section 212 of the Judiciary Law states: ‘ ‘ The administrative board shall have the authority and responsibility for the administrative supervision of the unified court system. In discharge of that authority and responsibility the administrative board, in consultation with the judicial conference, may adopt, amend, rescind and make effective standards and policies for general application throughout the state, including but not limited to standards and policies relating to the following administrative powers and duties:
“ 1. Personnel practices, title structure, job definition, classifications, qualifications, appointments, promotions, transfers, leaves of absence, resignations and reinstatments, performance rating, sick leaves, vacations, time allowances and removal of non-judicial personnel of the unified court system. The standards and policies of the administrative board relating to the foregoing powers and duties shall be consistent with the civil service law ”,
*73 The rules of the Administrative Board of the Judicial Conference of the State of New York (22 NYCRR 25.2, 25.4) state: ‘ ‘ 25.2 Intent. It is the considered intent of the administrative board of the Judicial Conference of the State of New York to provide for the employees under its jurisdiction a career and merit system consistent with the Civil Service Law ” (emphasis added).
“ 25.4 Classification and pay plan to be established. The administrative board shall establish a uniform classification system. In each fiscal jurisdiction, the board shall negotiate a pay plan to be part of a uniform classification and salary plan. The installation date of such plan shall be set in each fiscal jurisdiction in accordance with implementing rules worked out with each fiscal authority. Nothing in such uniform classification and salary plan shall impair or diminish any existing right of salary or tenure.” (Emphasis added.)
The plaintiff further argues that these statutes which require the Judicial Conference to be consistent with the Civil Service Law entitle the plaintiff to the increments for his years of service from 1956 to 1966. This argument cannot withstand analytical scrutiny as it has been shown that sections 121 (subd. 2, par. [b]) and 130 of the Civil Service Law do not affirm the plaintiff’s premise that he is entitled to increments based on his tenure as Assistant Special Deputy Clerk. Having thus disposed of plaintiff’s major premise no further analysis need be formulated.
Defendant’s Exhibit “ten” which contains the aforementioned collective bargaining contract as well as the plaintiff’s salary record and which is uncontradicted by the plaintiff, indicates that during the annual period from July 1, 1964 through June 30,1965 the plaintiff received a salary of $10,585. Subheading 2A found on the second page of said contract governs the salary schedules for Court Clerks II during the period from July 1, 1964 through June 30, 1965. Section i of that subheading states: “ i) Effective July 1, 1964, each employee who, on July 1, 1964 was an active incumbent in any of the titles listed above shall receive a wage adjustment of $350 per annum as applied to his annual rate of compensation in effect on June 30, 1964 (or to his annual rate of compensation in effect on July 1, 1964) plus such additional adjustment, if any, as may be necessary to bring his annual rate of compensation to $10,750.”
This section, therefore, awards the plaintiff a salary adjustment of $165 in order to raise the plaintiff’s salary during this time period to the minimum amount prescribed by the contract, to wit, $10,750.
*74 Subheading 2B also found on the second page of said contract governs the salary schedules for Court Clerks II during the period from July 1, 1965 through June 30, 1966. The plaintiff’s salary record indicates that during the annual period from July 1,1965 through June 30,1966 the plaintiff received a salary of $11,385. Section v of that subheading states: “ v) If by the application of the foregoing adjustments, an employee’s salary on July 1,1965 or on the date of his appointment later than July 1,1965 is less than $11,500 such employee shall receive such additional adjustment as may be necessary to bring his annual rate of compensation to $11,500, effective July 1, 1965 or on his date of appointment subsequent to July 1,1965.” This section, therefore, awards the plaintiff a salary adjustment of $115 in order to raise the plaintiff’s salary during this time period to the minimum amount prescribed by the contract, to wit, $11,500.
Subheading 3C found on the third page governs the salary schedules for Court Clerks II during the period from July 1, 1966 through June 30,1968, the termination date of the said contract. The plaintiff’s salary record indicates that during the period from July 1, 1966 through December 31, 1966 the plaintiff was paid at the rate of $12,185. Section i of that subheading also found on page 3 states: “ i) Effective July 1, 1966, each employee who on July 1, 1966 was an active incumbent in any of the classes of positions listed above, or, effective July 1, 1966, has been reclassified to any of such classes of positions, shall receive a wage adjustment of $400 per annum as applied to the annual rate of compensation, in effect on June 30, 1966 as hereinabove adjusted (or to his annual rate of compensation in effect on July 1, 1966 if appointed on July 1, 1966.” This section, therefore, awards the plaintiff a wage adjustment of $400 to increase the plaintiff’s salary during this time period to $11,785.
Section vi of that same subheading found on page 4 states: “ vi) If by the application of the foregoing adjustments, an employee’s salary on July 1, 1966 or on the date of his appointment subsequent to July 1, 1966 but prior to January 1, 1967 is less than $12,250, such employee shall receive such additional adjustments as may be necessary to bring his annual rate of compensation to $12,250 effective July 1, 1966 or on his date of appointment subsequent to July 1, 1966 but prior to January 1, 1967.” This section, therefore, awards the plaintiff an additional wage adjustment of $465 in order to raise plaintiff’s salary during this time period to the minimum amount prescribed by the contract, to wit, $12,250.
The plaintiff’s salary record indicates that effective July 1, 1967 the plaintiff received a salary adjustment of $800 thereby *75 raising plaintiff’s salary during the period of 1967 to $12,985. Section viii of this same subheading likewise found on page 4 states: “ viii) Effective January 1,1967 the minimum appointment rate shall be $13,000. Each employee whose salary on January 1,1967 after all adjustments aforesaid have been made is less than $13,000 shall receive such additional adjustment, effective January 1,1967 as may be necessary to bring his annual rate of compensation to $13,000.” This section, therefore, awards the plaintiff a wage adjustment of $15 to increase the plaintiff’s salary for the period commencing January 1, 1967 to the minimum amount prescribed by the contract, to wit, $13,000.
Section ix of this same subheading again found on page 4 states: “ ix) An annual increment of $400 shall be payable effective July 1, 1967 or January 1, 1968 following the completion of one year of satisfactory service not to exceed the longevity step of the respective salary plan, provided effective January 1, 1967 in order to bring an annual salary up to the minimum established as of that date shall be an offset against any increment due under this paragraph.” Therefore, effective July 1, 1967 this section awards the plaintiff an annual increment of $400 to be offset by the wage adjustment of $15 which the plaintiff is to receive in accordance with section viii of subheading 30, set forth hereinabove; engendering an increase of $385 to position the plaintiff’s salary during the period from July 1, 1967 through June 30,1968 at $13,385.
Accordingly, we grant judgment for the plaintiff in the amount of $1,545 together with interest to be computed in correlation with the various salary adjustments for the applicable time periods as heretofore denoted and without prejudice to any future lawsuit instituted by the plaintiff which may arise in conjunction with the application of this decision on the subsequent collective bargaining contracts negotiated by the lawful collective bargaining agent of the plaintiff.