Per Curiam.

In the absence of a cross appeal, the question of plaintiff’s entitlement to maximum salary by reason of alleged tenure, the sole claim asserted in his summons and complaint, which was rejected by the court below, is not before us (Meaney v. Loew’s Hotels, 29 A D 2d 850, 851; Lissik v. Monasky, 5 A D 2d 934). This court is limited to considering the relief of the specific wage adjustments provided in the personnel order which, though not pleaded or claimed, was granted to plaintiff and appealed by defendant (Matter of Dowling v. Brennan, 284 App. Div. 563, 565).
Were that question before us, we would affirm the denial of plaintiff’s claim. Plaintiff’s rights to any increase in salary upon his reclassification to Court Clerk II were governed entirely by the collective bargaining agreement incorporated in Personnel Order 2/67. Plaintiff’s action is in fact based upon that personnel order. There was no provision in that order, covering 18 classes of court clerk positions in the city, being paid varying salaries, for payment of a salary grade based on tenure. It provided only for specific wage adjustments under stated conditions during the years July 1, 1964 to June 30, 1968.
Although defendant maintained that plaintiff, upon his reclassification to Court Clerk II, effective July 1, 1966, pursuant to Matter of Ainsberg v. McCoy (26 N Y 2d 56), had been paid all that he was entitled to under the personnel order, the court below held that he was entitled to an additional $1,545.
With regard to the period from July 1, 1964 to June 30, 1966; plaintiff made no claim, his summons and complaint being solely for claimed back salary for the period from July 1, 1966 to June 30, 1968. The personnel order provided for wage adjustments for 1964 and 1965 only to active incumbents during that period in any of the 18 listed titles; plaintiff’s former title was not one of them. Moreover, plaintiff actually received the same amount of wage adjustments for those two years by virtue of the inclusion of his former title in Personnel Order 7/67, also negotiated by collective bargaining. Furthermore, Personnel Order 2/67 made no reference to any wage adjustment upon reclassification except in the section headed “ July 1, 1966 to June 30, 1968 ’ ’, which provided for certain wage adjustments to “ each employee who on July 1, 1966 was an active incumbent in any of the classes of positions listed above or, effective 'fjuly 1, 1966, has been reclassified to any of such classes of positions” (italics added).
With regard to the period from July 1, 1966 to June 30, 1967, it is apparent that the court below concluded that addi *226 tional amounts were due on the basis of an incomplete salary record submitted by defendant. However, plaintiff’s own summons and complaint stated that he had received the salary found by the court to be due him during that year, and the complete record confirms this.
With regard to the period from July 1, 1967 to June 30, 1968, the annual increment of $400 was to be offset by any adjustment provided effective January 1,1967. Plaintiff did receive a $750 adjustment effective January 1, 1967 and was therefore not entitled to the annual increment for the year July 1, 1967-June 30,1968.
The judgment should be reversed, with $30 costs, and complaint dismissed.
Concur — Gold, J. P., Quinn and Lupiano, JJ.
Judgment reversed, etc.