■ In the Matter of DAVID ROSENBERG, Respondent, v RICHARD J. BARTLETT, as Chief Administrative Judge of the Courts, et al., Appellants. — In a proceeding pursuant to CPLR article 78, *inter alia,* to compel the Chief Administrative Judge of the State of New York to grant petitioner's claim for a retroactive promotional increment and/or for time in service credit, the appeals are from so much of a judgment of the Supreme Court, Kings County, dated July 29, 1980, as granted the petition for credit for time served, awarded petitioner the principal sum of $9,533 and denied the city's motion to dismiss the petition. Judgment modified, on the law, by deleting the second and third decretal paragraphs and substituting a provision dismissing the proceeding on the merits. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements. Initially, we note that petitioner's article 78 proceeding was not barred by the Statute of Limitations or laches. A final determination on the merits of his complaint did not occur until October 16, 1978. Petitioner, then an Assistant Court

Clerk in the Civil Court, took a "promotional examination" for the position of Senior Court Officer. He was appointed as a Senior Court Officer in the Supreme Court, Kings County, after passing the examination. Upon his appointment, he received a $600 promotional increment, which was subsequently rescinded when the Judicial Conference determined that the appointment of an Assistant Court Clerk to a Senior Court Officer was a lateral and not a promotional move. Soon after his appointment as a Senior Court Officer, salary negotiations commenced between the Judicial Conference, the City of New York (then the fiscal authority) and the nonjudicial employee unions resulting in new salary schedules for City of New York court employees. Petitioner's old position, Assistant Court Clerk, received a greater salary increase than did his new title, Senior Court Officer. He did not receive seniority credit for his time served as an Assistant Court Clerk when he was appointed as a Senior Court Officer and, based on the new salary schedules, he would have been better off financially if he had remained in his old position. Petitioner sought to correct this alleged inequity and, after a number of aborted and delayed attempts to obtain a resolution, the Chief Administrative Judge for the State of New York finally denied his claim. This article 78 proceeding was commenced and Special Term granted petitioner judgment for a retroactive salary adjustment based on his time served as an Assistant Court Clerk. Petitioner was not entitled to the salary adjustment granted by Special Term. As a city court employee, petitioner's salary schedule was not supplied by the Civil Service Law, but was obtained as a result of negotiations by his authorized bargaining representative (see *Moran v Comptroller of City of N.Y.*, 65 Misc 2d 67, revd on other grounds 69 Misc 2d 224). Unfortunately, his representative negotiated a less advantageous salary schedule than did the representative for the Assistant Court Clerks. Petitioner is bound by the agreement negotiated on his behalf by his authorized representative. Although Assistant Court Clerks and Senior Court Officers were on a similar classification grade, their duties differed. In addition, the record clearly indicates that the opportunities for advancement were greater as a Senior Court Officer in the Supreme Court than as an Assistant Court Clerk in the Civil Court. Petitioner made a conscious choice to seek appointment as a Senior Court Officer to avail himself of the better opportunities in the Supreme Court and was not entitled to transfer time served in a different position in order to obtain seniority in a position new to him. Mollen, P.J., Hopkins, Damiani and Titone, JJ., concur.