■ In the Matter of JOYCE A. EDELMAN, Appellant, v STATE OF NEW YORK et al., Respondents.—Order, Court of Claims (Adolph C. Orlando, J.), entered February 6, 1989, which denied claimant's motion to strike defendant's answer; judgment of the same court, entered on or about March 8, 1989, which dismissed claimant's action; and order of the same court, entered May 30, 1989, which denied claimant's motion to renew and reargue, unanimously affirmed, without costs.

We note that at all relevant times, claimant appellant, Joyce A. Edelman, was a member of the Law Assistant's Association of the City of New York (the Association), which was the collective bargaining representative of the assistants. Acting on behalf of its members, the Association entered into a stipulation with the Chief Administrative Judge which reclassified the job titles and salaries of certain law assistants, including claimant, and provided for a package including retroactive pay, which would be distributed according to a specified formula. Claimant, however, seeks 100% back pay. Claimant had maintained an action for reclassification which was independent of that commenced by the Association. Both the Association and claimant were aggrieved by determinations of the Classification Review Board affirming administrative orders which were adverse to those respective claimants. Prior to the stipulation, the Association, but not claimant, had commenced a CPLR article 78 proceeding. Under the terms of an appendix to the stipulation, claimant was permitted to pursue her appeal, despite the stipulation, and any award for back pay resulting therefrom would be reduced by the amount distributed to claimant under the stipulation. The administrative order denying claimant reclassification, which ultimately was resolved in claimant's favor by virtue of her union membership, by the stipulation entered into by the Association, did not address retroactive pay. Claimant did not pursue the appropriate CPLR article 78 relief; therefore, claimant has no vehicle for relief independent of the stipulation entered into by the Association on behalf of its members. As such, that stipulation is binding on claimant as to all of its terms *(see, e.g., Matter of Rosenberg v Bartlett,* 81 AD2d 867).

We have examined claimant's remaining contentions, and conclude that they do not warrant reversal. Concur—Kupferman, J. P., Carro, Rosenberger and Kassal, JJ.