■ In the Matter of MAUDE OLIVER et al., Respondents, v JUDITH LEVITT, as Personnel Director of the City of New York, et al., Appellants.—

On October 19, 1985, the New York City Department of Personnel administered an exam for the position of administrative staff analyst (ASA). The examination was given in two parts—written, which was given 45% weight, and oral, which was given 40% weight. Fifteen percent weight was given for seniority. The written exam was divided into six critical dimensions. The candidate had to pass each dimension and then only those who were above the median of the total written test score would qualify to take to the oral part. Only 39.9%, or 256, of the candidates who took the exam were certified to be on the eligibility lists. At the time, there were 571 provisional employees occupying the ASA positions.

The New York State Constitution provides that civil service appointments "shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be competitive" (NY Const, art V, § 6). In *Matter of Dowling v Brennan* (284 App Div 563, 567-568), the court stated "there is no objection to a reasonable weighting of the comparative percentile passing mark by the availability of candidates and the needs of the service provided that the method used is shown not to be unduly restrictive of the field from which the appointing power may select for appointment and does not operate with reference to so small a

number as may make facile discrimination in favor of preferred individuals." The method of scoring herein was restrictive by not allowing approximately one half of the candidates who passed each written dimension to take the oral part. To so severely restrict the number of qualified candidates when such a large number of provisionals remained in place did not take into consideration the needs of the city. It was an abuse of discretion for the Department of Personnel to fail to use its power to revise the initial scoring and therefore correct a manifest mistake *(see, Matter of Mulkeen v Bronstein,* 75 Misc 2d 110, *affd* 43 AD2d 664). Concur—Murphy, P. J., Kupferman, Asch, Wallach and Rubin, JJ.